UNITED STATES of America, Appellee,

v.

Ectore Gregorio GARCIA, Appellant.

No. 80–1536.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1981.

Decided April 21, 1981.

Rehearing Denied May 18, 1981.

Michael H. Bloom, Coconut Grove, for appellant; Joseph H. Kelinson, Coconut Grove, Fla., of counsel.

Ronald S. Reed, Jr., U. S. Atty., W. D. Missouri, St. Joseph, Mo., Edward D. Holmes, Atty., U. S. Dept. of Justice, Sheryl L. Jeans, Justice Dept., Kansas City, Mo., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

Defendant-appellant Ectore Gregorio Garcia was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He challenges the conviction on the grounds that the district court erred by unduly restricting his cross-examination of a key government witness and by refusing to sever his trial from that of his codefendants. We affirm.

Garcia argues that his Sixth Amendment right to confront witnesses who testify

against him was abridged by the trial court's limiting cross-examination of a primary government witness, Thomas Steidle. Steidle was an unindicted coconspirator who testified under a grant of immunity for the cocaine violations. At trial, the district court refused to permit Garcia's counsel to cross-examine Steidle about a number of prior "bad acts." Specifically, Garcia's attorney sought and was refused permission to ask Steidle whether (1) he was a homosexual; (2) his wife was a prostitute; (3) he had simulated beating his wife with whips during the nude dance act performed by him and his wife; (4) he had carried a concealed weapon; (5) he had pled guilty to misdemeanor charges of obscenity and drunk and disorderly conduct; (6) he had beaten a Kansas City man named Garrett; and (7) he knew the effects of amphetamines or heroin.[1]

Ordinarily, defense counsel should be given wide latitude in cross-examining witnesses about matters related to credibility or bias. *See United States v. Quinn*, 543 F.2d 640, 651 (8th Cir. 1976); *United States v. Pfeiffer*, 539 F.2d 668, 671 (8th Cir. 1976). In this case, however, we are satisfied that the district court did not abuse its discretion in restricting the scope of the cross-examination of Steidle. The attorneys for all the defendants were permitted to cross-examine Steidle at length. Cross-examination by the three defense lawyers covered nearly 200 pages of transcript; nearly one-quarter of that was the examination by Garcia's lawyer. Moreover, the court permitted defense counsel to question Steidle, at least indirectly, about many of the items that Garcia now asserts were erroneously excluded. Included in the cross-examination were questions concerning Steidle's prior drug dealing, his motives for incriminating the defendants, his nude dance act, his ad-

diction to heroin and use of other drugs, and suspicion by law enforcement authorities that he was involved in a murder. In view of the broad inquiry permitted, we will not disturb the district court's ruling that the prejudicial effect of the challenged evidence outweighed its probative value on the question of Steidle's truthfulness.

Garcia's second argument on appeal is that the district court erred in refusing to grant his motion for severance. Although he asserted a number of reasons for severance in the district court, Garcia bases his appeal on the ground that the joint trial prevented him from presenting the exculpatory testimony of his codefendant, Darrel Burkhead. The loss of this testimony, he asserts, caused him to suffer sufficient prejudice to mandate severance under Fed.R. Crim.P. 14.

The original indictment in this case contained six substantive counts along with the conspiracy count at issue in this appeal. The district court severed the conspiracy count from the remaining counts and tried the substantive charges first. At that earlier trial, codefendant Darrel Burkhead testified in his own defense. He did not testify at the second trial, however, because he did not know whether his conviction on five of the substantive counts could be used to impeach him if he did.[2] Because a few of the statements in Burkhead's earlier testimony tend to contradict certain portions of the testimony of the government's witnesses, Garcia contends that he should have been entitled to have Burkhead testify on his behalf in a separate trial.

"In this circuit, it is not reversible error to deny severance requested on the ground that a defendant wants to call a codefendant as a witness, unless the defendant shows that the codefendant is likely to testify at a separate trial and the testimony

1. Garcia also argues that the court erred in refusing to permit his counsel to cross-examine another government witness, Bill Powell, about whether Steidle had said he had killed a black woman. Although Garcia suggests otherwise in his brief, the court did not specifically rule that he could not ask Steidle about the alleged murder. Garcia's lawyer did not ask the court to decide whether such inquiry was permissi-

ble. Under these circumstances, there was no error in refusing to permit cross-examination of Powell on the question.

2. We have this day determined that the district court erred in refusing to rule on whether such impeachment would be permitted. *United States v. Burkhead*, 646 F.2d 1283 (8th Cir. 1981).

would exculpate him." *United States v. Starr*, 584 F.2d 235, 239 (8th Cir. 1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1019, 59 L.Ed.2d 73 (1979). The government argues that Garcia has failed to establish either that Burkhead was likely to testify at a separate trial or that the testimony would exculpate him.

■ We agree that there was no showing that Burkhead's testimony would be exculpatory.[3] Garcia did not demonstrate the substance or the exculpatory effect of the desired testimony. *See United States v. Marable*, 574 F.2d 224, 230–231 (5th Cir. 1978); *United States v. Jackson*, 549 F.2d 517, 524 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). We may, however, discern the substance of Burkhead's expected testimony from two sources: (1) Burkhead's motion *in limine* setting forth the details of his expected testimony were he able to testify without fear of impeachment on the substantive counts, and (2) Burkhead's testimony at the first trial. After carefully reviewing the transcript of the first trial and Burkhead's motion *in limine*, we are convinced that they demonstrate that Burkhead's testimony would merely tend to contradict a few details of the government's ·case against Garcia. *See United States v. Abraham*, 541 F.2d 1234, 1240 (7th Cir. 1976), *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977). Indeed, much of Burkhead's earlier testimony would corroborate the government's evidence against Garcia. *See United States v. Ellsworth*, 481 F.2d 864, 870 (9th Cir.), *cert. denied*, 414 U.S. 1041, 94 S.Ct. 544, 38 L.Ed.2d 332 (1973). Accordingly, we hold that the district court did not abuse its discretion in refusing to grant Garcia's motion to sever the trial of the two defendants.

The judgment of conviction is affirmed.

---

3. Because we conclude that Garcia did not show that Burkhead's testimony would have been exculpatory, we need not and do not decide whether Garcia demonstrated that Burkhead would have been *likely* to testify at a separate trial.