**UNITED STATES of America, Appellee,**

v.

**Darrel Leon BURKHEAD, Appellant.**

**Nos. 80–1534, 80–1535.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1981.

Decided April 21, 1981.

Rehearing and Rehearing En Banc Denied May 15, 1981.

Rehearing Denied June 16, 1981.

Robert G. Duncan, Duncan, Russell & Reardon, Kansas City, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., W. D. Mo., Sheryle L. Jeans, Edward D. Holmes, Attys., U. S. Dept. of Justice, Kansas City, Mo., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

Defendant-appellant Darrel Leon Burkhead was charged in a seven-count indictment with narcotics offenses violative of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. §§ 2 & 1952. The district court severed Count I, which charged three defendants with conspiracy, from the remaining substantive counts and ordered a separate trial. Burkhead was convicted on five of the six substantive counts. In a subsequent trial, he was convicted on the conspiracy count. He was sentenced to ten years imprisonment and fined $10,000 on each count, the sentences to be served concurrently. In addition, he received three-year special parole terms for Counts II, III and IV.

Burkhead asserts that the district court committed reversible error by (1) restricting the cross-examination of a key government witness; (2) permitting the prosecutor to use in the second trial a stipulation entered into before the first trial; (3) denying a motion to set aside the convictions on the substantive counts on the basis of newly discovered evidence; and (4) refusing to rule on whether Burkhead's convictions on the substantive counts could be used to impeach his credibility if he testified in the second trial. We affirm in part and reverse in part, 491 F.Supp. 1166.

Burkhead's first three assignments of error are without significance and may be disposed of summarily: (1) We have reviewed the record carefully and are satisfied that all three defendants were given adequate opportunity to cross-examine

the government's primary witness.[1]  (2) The stipulation concerning the introduction of certain exhibits was not by its terms limited to use in the first trial and the record indicates that the intention of the parties was to the contrary; indeed, at the opening of the second trial Burkhead's counsel conceded, "Defendant Darrel Burkhead and myself signed the stipulation. We are hooked on that." (3) The "newly discovered evidence" consisted of differences in detail between the testimony of certain government witnesses in the first trial and the testimony of the same witnesses in the second trial. These minor discrepancies are so insignificant that they cannot be considered grounds for questioning the jury's judgment in the first trial.

The final issue raised by Burkhead on appeal is more troublesome. Prior to the second trial, Burkhead filed a motion *in limine* requesting an order prohibiting the use of his convictions on the substantive counts for impeachment purposes. The trial court refused to rule on the motion. As a consequence, Burkhead declined to testify in the second trial.

■ The use of prior convictions for impeachment purposes is governed by Rule 609 of the Federal Rules of Evidence. That rule provides that evidence of certain prior convictions may generally be used to attack the credibility of a witness if the trial court determines that the probative value of the evidence outweighs the prejudicial effect of admitting it. Ordinarily, the determination of what evidence will be admitted is left to the discretion of the trial court. In the usual case, the district court also has discretion to refuse to rule in advance of trial on the admissibility of impeachment evidence. *See, e. g., United States v. Witschner,* 624 F.2d 840, 843–844 (8th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 532, 66 L.Ed.2d 291 (1980); *United States v. Johnston,* 543 F.2d 55, 59 (8th Cir. 1976); *United States v.*

*Pfingst,* 477 F.2d 177, 193 (2d Cir.), *cert. denied,* 412 U.S. 941, 93 S.Ct. 2779, 37 L.Ed.2d 400 (1973).

In our view, however, this case falls so far outside the ordinary situation that the district court's failure to rule in Burkhead's favor on his motion *in limine* amounted to an abuse of discretion. The parties have not cited and our research has not revealed any court decisions that have addressed the precise issue presented by the facts of this case. Unlike the cases cited by the government, this case does not involve prior offenses totally separate from the offense being charged. Instead, the offenses in question were charged in the same indictment as the one being tried; in fact, the acts involved in some of the substantive counts were alleged to be the overt acts supporting the conspiracy count. Moreover, the conspiracy count was tried separately only because the trial court, on its own motion, determined that severance was desirable. Permitting impeachment following such a severance of counts would virtually ensure a second conviction in every case in which the first trial resulted in conviction. It would allow the government to try the strongest counts of an indictment first in order to "bootstrap" the weaker counts in a subsequent trial. There can be no doubt that the probative value of prior conviction evidence such as is involved in this case is outweighed by its prejudicial effect on the defendant.

The government argues that we should not decide whether Burkhead's convictions on the substantive counts were admissible because the trial court did not decide the question. We cannot agree. At least two Courts of Appeals have suggested that ruling in advance of the defendant's testimony might best serve the interests of justice. *See United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670

---

1. Burkhead's codefendant also raised the cross-examination issue before this Court. We re-

jected that claim today in *Garcia v. United States,* 647 F.2d 794 (8th Cir. 1981).

(1980); *United States v. Oakes,* 565 F.2d 170, 171 (1st Cir. 1977). In *Oakes,* the First Circuit Court of Appeals observed, "[W]hile we emphasize that the timing is discretionary, we think a court should, when feasible, make reasonable efforts to accommodate a defendant by ruling in advance on the admissibility of a criminal record so that he can make an informed decision whether or not to testify." *Id.* at 171. While the district court generally has discretion to defer ruling on evidentiary issues until the evidence is actually offered for admission, that discretion is not unbridled. This case demonstrates that failure to rule can be an abuse of discretion in some situations.

The general rule permitting the district judge to delay evidentiary rulings is designed to prevent unnecessary and unwarranted advisory opinions. It is sometimes unwise to decide whether to admit evidence before it is actually presented. If no advance ruling is made, the parties may decide to abandon their positions for reasons unrelated to the anticipated ruling of the court. A refusal to rule may thus promote judicial economy. In other situations, a delayed ruling is advisable because the facts as they develop during the course of the proceeding may affect the determination of admissibility.

In this case, however, neither of these justifications apply. It is almost certain that Burkhead would have testified if the district court had given him a favorable ruling on the evidentiary issue. He testified in his own behalf at the first trial. His motion *in limine* was premised on the assumption that he would testify if the substantive convictions were not admissible and he specifically set forth the substance of his expected testimony. Furthermore, at the close of the government's case, Burkhead took the stand and testified under oath that the reason he would not testify at the second trial was that he could not run the risk of being asked on cross-examination whether he had been previously con-

victed of the acts that formed the basis of the conspiracy charge. Finally, Burkhead's counsel informed the district court that the court's refusal to rule on the motion *in limine* left him with no alternative but to keep his client off the stand. We have no difficulty concluding that Burkhead was ready and willing to testify.

Moreover, the district court needed no further facts to determine whether the prior convictions should be admitted. Both the prejudicial impact and the probative value of the prior convictions involved in this case were clear before the time for the defendant's taking the stand, if not prior to trial. Consequently, the balancing mandated by Fed.R.Evid. 609(a) could have been accomplished without requiring Burkhead to testify in advance of the ruling.[2]

Under the special circumstances of this case, we conclude that the evidence of Burkhead's prior convictions on the substantive counts was not admissible to impeach his credibility in the second trial. The district court's failure to so rule was reversible error.

The judgment of conviction on Counts II through VI is affirmed. The conviction on Count I is reversed.

2. We note that an advance ruling in a case such as this does not prevent the trial court from reconsidering its decision if it appears necessary, in the interests of justice, to permit the impeachment.