**UNITED STATES of America, Appellee,**

v.

**Stephen D. RIVERS, Appellant.**

**No. 81–2427.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 21, 1982.
Decided Nov. 18, 1982.

Robert C. Babione, Asst. Federal Public Defender, East St. Louis, Ill., for appellant.

Thomas E. Dittmeier, U.S. Atty., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, McMILLIAN, Circuit Judge, and ALSOP,* District Judge.

* The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

ALSOP, District Judge.

Stephen D. Rivers appeals his conviction under 28 U.S.C. § 1291 alleging that the trial court[1] erred by (1) overruling his pretrial motion to prevent the government from using his prior criminal record for purposes of impeachment, and (2) failing to instruct the jury on eyewitness identification. For the reasons discussed below, we affirm the judgment of the district court.

On September 21, 1981, the Prudential Savings and Loan Association in St. Louis, Missouri was robbed by a masked gunman. An indictment, charging appellant with armed robbery of a federally insured savings and loan in violation of 18 U.S.C. § 2113(a) and (d), was filed on October 15, 1981. Appellant pled not guilty to the charge.

During pretrial proceedings, appellant filed a motion *in limine* to prevent his impeachment by evidence of prior convictions under Rule 609(a) of the Fed.R.Evid. in the event he elected to testify. In addition, appellant filed a motion for discovery in response to which the government produced, *inter alia,* a copy of appellant's rap sheet. The rap sheet revealed three prior convictions: (1) 1975—shoplifting (5 days imprisonment/$100 fine); (2) 1975—petty theft with prior felony conviction (90 days imprisonment/24 mos. probation); (3) 1977 —petty theft (35 days imprisonment). No other evidence or further explanation regarding appellant's record was offered. Without a hearing appellant's motion *in limine* was disposed of by the district court on December 4, 1981 as follows: "The Court, having fully considered the matter, IT IS HEREBY ORDERED That said motion be and the same is OVERRULED."[2]

The testimony at trial consisted primarily of eyewitness identification of appellant by an employee of the savings and loan and by a man who saw the robber fleeing the scene. Appellant, who had given an alibi in a statement to police after his arrest, did not take the stand on the advice of counsel. The charge to the jury at the close of testimony did not include an instruction regarding identification; however, no such instruction was requested. In fact, there were no objections to any of the court's instructions and no refused instructions. On October 8, 1981, the jury returned a verdict of guilty as charged and this appeal resulted.

█ The first issue to be considered is whether the trial court acted properly in "overruling" appellant's motion *in limine.*

Ordinarily, the determination of what evidence will be admitted is left to the discretion of the trial court. In the usual case, the district court also has discretion to refuse to rule in advance of trial on the admissibility of impeachment evidence. *United States v. Burkhead,* 646 F.2d 1283, 1285 (8th Cir.) *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981). One justification for a delayed ruling is that the trial court is usually in a better position to decide the issue of admissibility of impeachment evidence after hearing the direct testimony of the witness. *United States v. Witschner,* 624 F.2d 840, 844 (8th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 291 (1980).

In *United States v. Johnston,* 543 F.2d 55 (8th Cir.1976), the defendant had moved prior to trial for a ruling on the admissibility of his prior convictions for impeachment purposes. The trial court refused to decide this issue in advance. On appeal, we affirmed on the basis of the rule in this circuit that a criminal defendant is normally "not entitled to a protective pretrial order prohibiting cross-examination of this nature." *Id.* at 59.

---

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri.

2. Where a defendant files a motion *in limine* to prevent impeachment by prior convictions, the better practice is for the trial court to specify in its ruling whether it is: (1) denying the motion for an advance ruling and delaying any ruling on the merits until defendant testifies; (2) granting the motion on the merits and ruling that evidence of prior convictions will be excluded; or (3) denying the motion on the merits and ruling that evidence of prior convictions will be admitted.

Appellant, through his motion *in limine,* attempted to obtain what would have amounted to a protective pretrial order in this case. In the usual case, it is only after a defendant takes the stand that a court has a "duty to rule on a pretrial motion regarding the admissibility of evidence of his prior convictions for purposes of impeachment." *Id.* Although *Johnston* can be distinguished on the grounds that there the trial judge simply refused to rule on defendant's motion and here the judge "overruled" the motion, nothing in Judge Regan's order in this case precluded appellant from renewing his motion at trial in the event he chose to testify. Thus, under the circumstances, Judge Regan's order is most logically interpreted as a refusal to rule in advance on appellant's motion *in limine.*

■ Where the trial court has refused to rule in advance on a defendant's motion to prevent impeachment by prior convictions, the issue on appellate review is whether the trial court abused its discretion. *Witschner,* 624 F.2d at 844. In *Burkhead,* 646 F.2d 1283, we held that the trial court erred in refusing to rule in advance on the defendant's motion to prevent impeachment by prior conviction. There the defendant had been charged in a multi-count indictment. On the government's motion, the conspiracy count was severed for trial from the remaining counts of the indictment. The defendant was convicted on five of the six substantive counts in the first trial. Prior to trial on the conspiracy count, the defendant filed a motion *in limine* requesting an order prohibiting the use of his convictions on the substantive counts for impeachment purposes.

This court held it to be an abuse of discretion for the trial judge to have refused to rule on such a motion under the circumstances of that case. While noting that a delayed ruling is usually advisable because the facts as they develop during the course

of the proceedings may affect the determination of admissibility, we concluded that this justification did not apply to the facts in *Burkhead.*

Moreover, the district court needed no further facts to determine whether the prior convictions should be admitted. Both the prejudicial impact and the probative value of the prior convictions involved in this case were clear before the time for the defendant's taking the stand, if not prior to trial. Consequently, the balancing mandated by Fed.R.Evid. 609(a) could have been accomplished without requiring Burkhead to testify in advance of the ruling.

*Id.* at 1286.

The justification for a delayed ruling does apply to the instant case. The trial court at the time of the motion *in limine* did not have the facts necessary to determine whether the prior convictions should be admitted for purposes of impeachment under Rule 609(a). There was no indication in the record as to whether any of the crimes of which appellant was convicted were punishable by more than one year in prison as required by Rule 609(a)(1). In addition, there was nothing to indicate whether appellant intended to take the stand if his prior convictions were excluded, and what the precise nature of his testimony would be if he elected to testify.

■ Without this information, it would not have been possible for Judge Regan to have made an informed decision as to whether special circumstances existed so as to require the court to rule in advance of trial on the admissibility of prior convictions under Rule 609(a). It is the moving party's burden to provide the court with the information necessary to make such a determination.[3] The appellant in the instant case did nothing to meet that burden. Thus, it was not an abuse of discretion for the trial judge to "overrule" appellant's pretrial motion to prevent the use of his prior convictions for impeachment purposes.

---

**3.** A defendant's burden to show special circumstances requiring an advance ruling is to be distinguished from the government's burden at trial to establish the admissibility of prior convictions under Rule 609(a), at least in the circumstance where the offer is made during the cross-examination of a defendant.

As a second ground for reversal, appellant contends that the court should have given a cautionary instruction, *sua sponte,* on the evaluation of eyewitness testimony. Since no such instruction was requested, we can reverse only for plain error. "We can only do this if the omission affected the defendant's substantial rights and was 'so completely erroneous as to result in a miscarriage of justice.'" *United States v. Roundtree,* 527 F.2d 16, 19 (8th Cir.1975). For the reasons set forth in *Roundtree,* we find no plain error in the failure of the trial court to give a cautionary instruction on eyewitness identification in this case.

The judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, concurring.

I concur in the result.