STATE of Tennessee, Appellee,

v.

James MARTIN, Jr., Appellant.

Supreme Court of Tennessee,
at Nashville.

Dec. 6, 1982.

Walter C. Kurtz, Metropolitan Public Defender, Kim Kirk, Public Defender's Office, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Chief Justice.

The only issue before this Court is whether defendants are entitled as a matter of right in all circumstances to demand that the trial judge rule on the admissibility of each of defendant's prior convictions before defendant makes an election whether to testify.

The facts relevant to that issue follow. Defendant was indicted, tried and convicted for second degree burglary, grand larceny and being an habitual criminal. Defendant filed a written motion prior to trial wherein the Court was requested to rule on the admissibility of seven prior convictions to enable defendant to make an informed decision on whether to testify. The trial judge refused to rule on the prior convictions until such time as defendant took the stand to testify.

Defendant renewed his motion at the close of the State's proof and the trial court again ruled that defendant would have to

take the stand before consideration would be given to the admissibility of prior convictions.

## I.

In *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976), the Court adopted Federal Rule of Evidence 609(a) and (b) to alleviate the problems of inconsistency the courts had encountered in applying the "moral turpitude" test for the admissibility of prior convictions for impeachment purposes.

Rule 609(a) limits the admissibility for impeachment purposes of prior convictions to two classes of crimes, first those involving "dishonesty and false statement" and second, those involving punishment by death or imprisonment in excess of one year, if the probative value of admitting the conviction outweighs the prejudicial effect to the defendant. Rule 609(b) subjects both classes of convictions to a similar test if the conviction is more than ten years old.

■ The admissibility of crimes said to involve dishonesty or false statement are reasonably predictable because of the existence of a substantial body of case law on that issue. On the other hand, crimes punishable by death or imprisonment in excess of one year must be subjected to a test that involves the application of a number of factors that must be weighed and will vary widely from case-to-case, as would the test in Rule 609(b) for convictions more than ten years old.

■ Defendant asserts that the trial court's refusal to rule on admissibility of prior convictions until after defendant had taken the stand violates the principle announced in *Brooks v. Tennessee,* 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972). Defendant insists that requiring him to make the decision whether or not to testify without knowledge of how the Court will rule on his prior convictions deprives him of the guiding hand of counsel and denies him a fair trial and constitutional due process. We think the issue here is clearly distinguishable from the *Brooks* issue which involved the constitutionality of the absolute

Tennessee rule requiring defendant to testify first or not at all.

## II.

■ Defendant relies on *United States v. Jackson,* 405 F.Supp. 938 (E.D.N.Y.1975). In *Jackson,* a prosecution for bank robbery at gunpoint, the district judge was of the opinion that the general outlines of the proof had emerged sufficiently in pre-trial conferences to enable him to rule, pre-trial, on the admissibility of a state felony conviction for assault. He was of the opinion that defendant's prior assaultive conduct would have little bearing on the truthfulness or lack thereof of defendant's testimony and that the jury's knowledge that defendant was a recently convicted felon might have an unduly significant impact on the jury. The trial judge accordingly ruled that he would exclude the conviction, but he imposed two conditions, breach of either of which would result in admission of the assault conviction. The conditions were that defendant not convey to the jury by direct testimony or implication that he had never been in trouble with the law and that defense counsel not present evidence through cross examination or otherwise of any assault conviction of any of the government witnesses without specific advance authorization from the Court. The case contains a lengthy discussion of the legislative history of Rule 609 and emphasizes the point that trial courts should rule on the admissibility of prior crimes to impeach as soon as possible after the issue has been raised. However, the case does not support a rule requiring a determination of admissibility in advance of trial or defendant's election to testify and, being a district court opinion, is not binding on this Court.

The discretionary rule does not discourage advance rulings and, of course, necessarily includes the caveat to trial judges that there can be circumstances wherein abuse of discretion will be found for failure to rule prior to defendant's election to testify. *See United States v. Burkhead,* 646 F.2d 1283 (8th Cir.1981). In *Burkhead,* defendant was charged in a seven count in-

dictment with drug offenses. Count one charged *Burkhead* and two others with conspiracy based upon the overt acts charged in the other six counts. The trial judge severed the conspiracy count and defendant was first tried upon the six substantive counts and convicted upon five of them. Later, Burkhead was tried upon the conspiracy count and the government sought to introduce the five convictions that constituted underlying overt acts upon which the conspiracy was allegedly based. The Eighth Circuit held that the trial judge's failure to grant defendant's motion *in limine* and exclude those convictions was reversible error upon the rationale that admissions of prior convictions in such circumstances would permit the government to try the strongest counts of an indictment first in order to "boot-strap" the weaker counts in a subsequent trial.

In *United States v. Oakes,* 565 F.2d 170 (1st Cir.1977), defendant insisted that the Court should adopt a rule making it mandatory that the trial judge pass on the admissibility in advance of defendant's election to testify if the Court had before it sufficient information to weigh the prejudicial effect of a prior conviction against the probative value of such evidence. The First Circuit panel refused to adopt such a rule, adhering to the discretionary rule, but made the following general comments on the desirability of advance rulings in appropriate cases:

> "The fact that the rule speaks of using the impeaching conviction during cross-examination does not, in our view, indicate any restriction on making an advance ruling so long as the court has enough information to make the mandated determination as to probative value. Indeed, while we emphasize that the timing is discretionary, we think a court should, when feasible, make reasonable efforts to accommodate a defendant by ruling in advance on the admissibility of a criminal record so that he can make an informed decision whether or not to testify. The court's ruling 'may have a significant impact on opening statements and the questioning of witnesses.' *United States v. Jackson,* 405 F.Supp. 938, 942 (E.D.N.Y.1975.)

The balancing problems faced by the court can be minimized by attempting to ascertain in advance what it needs to know about defendant's likely testimony and other relevant information. Defendant could be asked to state the substance of his testimony in advance. Should defendant mislead the court, the court may later change its ruling and let the record in if otherwise admissible. A defendant will not thereafter be heard to complain of any resulting prejudice created by his own actions. *Cf. Jeffers v. United States,* 432 U.S. 137, 150, 97 S.Ct. 2207 [2216], 53 L.Ed.2d 168 (1977)."

*Id.* at 171–72.

A number of federal courts have considered this issue and the majority rule in the federal circuits is that it is within the discretion of the trial court whether a ruling on the admissibility of prior convictions will be made in advance of defendant's election to testify, or at some time after defendant has taken the stand. In fact, the cases relied upon by defendant apply that rule. One of the leading cases is that of *United States v. Witschner,* 624 F.2d 840 (8th Cir.1980), in which defendant sought a ruling with respect to the admissibility of his prior convictions before taking the stand. Defendant contended that he was prevented from taking the stand as a result of the court's refusal to rule and insisted that the error was of constitutional dimensions, an argument similar to that of defendant in relying upon *Brooks* in the instant case. The Eighth Circuit response to defendant's position was as follows:

> There is no merit to this contention, which attempts to elevate a matter of trial tactics to the level of a constitutional question. The district court was understandably reluctant to rule on the allowable scope of impeachment without first hearing the defendant's testimony on direct examination, especially since the admissibility of evidence regarding a similar insurance fraud might present a rather complex issue. As to the timing of a ruling on the scope of cross-examination,

a trial court has discretion to issue an advance ruling, [citations omitted] but it need not do so, [citations omitted] even if the refusal to do so prevents a defendant from testifying in his own behalf. [citations omitted.] The test on appellate review is whether the trial court abused its discretion in failing to issue an advance ruling. [citations omitted.]

Here, we find no abuse of discretion in the district court's actions and we decline to hold that the rule of discretion should be turned into one of compulsion. The trial court's power to limit cross-examination is often best exercised after hearing the direct testimony of the witness. Neither the fifth and sixth amendments nor the Federal Rules of Evidence impress upon a trial court a duty to aid the defendant in formulating his trial strategy regarding the risks of impeachment should he decide to take the stand. *United States v. Oakes,* 565 F.2d 170, 171 (1st Cir.1977); *United States v. Kahn, supra,* 472 F.2d [272] at 282 [2d Cir.].

624 F.2d at 844.

We approve and adopt in this State the foregoing discretionary rule on the issue of advance rulings on the admissibility of prior convictions for purposes of impeachment.

In this case, defendant did not take the witness stand and, of course, no prior convictions were introduced at the stage of the trial involving the issue of guilt or innocence of the charges of second degree burglary and grand larceny.

■ When the trial judge denied defendant's motion to rule on the admissibility of prior convictions, at the close of the State's proof, defendant sought permission to make an offer or proof out of the presence of the jury, which was also denied. The trial judge was in error in denying defendant's request to make an offer of proof. That was error because such proof may be relevant and necessary to a determination by the appellate courts of whether the trial judge has abused his discretion in refusing to rule on prior convictions before defendant's election to take the stand. However, in this case, we find that error harmless.

Five of defendant's seven prior convictions [1] were facially in the dishonesty and false statement category and clearly admissible for impeachment purposes if defendant had elected to take the witness stand. Defendant's counsel did not need guidance from the Court to make an informed decision as to those convictions. It is beyond doubt, in our opinion, that defendant's decision not to testify was soundly based upon those five convictions, rendering the admissibility of the other two convictions insignificant on that decision. An offer of proof by defendant could not possibly provide any facts that would alter the admissibility of the five prior convictions. Uncontroverted proof of those convictions was presented on the habitual criminal count. Thus, the error in rejecting defendant's offer of proof was harmless.

The judgment of the Court of Criminal Appeals sustaining the convictions is affirmed.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.

---

1. The five convictions were attempt to commit armed robbery, second degree burglary, third degree burglary and two convictions for concealing stolen property.