**STATE of Tennessee, Appellee,**

v.

**Frank MARQUADIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 20, 1982.

Permission to Appeal Denied by Supreme Court April 11, 1983.

Kenneth J. Ries, Walter C. Kurtz, Public Defender, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Thomas Shriver, Dist. Atty. Gen., Mary Rubin, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Frank Marquadis, was convicted of aggravated rape, and assault with intent to commit first degree murder resulting in bodily injury, for which crimes he received consecutive life sentences. On appeal, the defendant challenges both the application and constitutionality of the Tennessee rape shield statute, and argues that he was entitled to an advance ruling on the use of any prior convictions for impeachment purposes. We find no merit to these claims.

Although the defendant has not challenged the sufficiency of the evidence, a brief summary of it is necessary to place the issues in their proper context. We note that the evidence overwhelmingly established the defendant's guilt. The defendant and the twenty-two (22) year old victim were slightly acquainted with one another as co-workers, and on July 23, 1981, at approximately 10:30 a.m., the defendant came to the victim's apartment to go to lunch with her. After entering the apartment, the defendant went into the bathroom and emerged therefrom with a gun. The defendant grabbed the victim, held the gun to her head, and forced her to perform fellatio on him, attempted to penetrate her anally, and then raped her by sexual intercourse.

The defendant then bound the victim's feet and hands with electrical cord and stuffed a pair of blue jeans into her mouth. The defendant next took a knife from the kitchen, and telling the victim that he was going to kill her, stabbed her five (5) times. The victim screamed, and the defendant fled. A neighbor heard her screams and alerted the apartment manager, who telephoned the victim's apartment. The victim struggled to the phone, and knocking off the receiver, screamed into it that she had been raped. The victim next crawled to the apartment across the hall, leaving a trail of blood behind her, and managed to alert her neighbor, who let her into the apartment and called the police. The victim immediately told the police who her assailant was, and the defendant was apprehended the next day in Georgia. The defendant presented no proof.

At the close of the victim's testimony on direct examination, the defendant requested a hearing pursuant to T.C.A. § 40–2445 (Supp.1981), in order to question the victim regarding any prior consensual sexual activity on her part. The trial court correctly denied the request because the issue of consent had not been raised by the evidence.

At the close of the State's proof, the defendant made an offer of proof in a jury-out hearing in which he stated that the victim consented to have intercourse with him. He said that afterwards when the victim suggested to him that his wife could find out about the matter, he tied her up, took a knife from the kitchen and stabbed her. After he testified, he renewed his motion for a T.C.A. § 40–2445 hearing, which was again denied.

The defendant contends that since he raised the issue of consent in the jury-out hearing, the trial judge erred in denying him a T.C.A. § 40–2445 hearing so that he could question the victim about any prior consensual sexual activity on her part. Also, in this regard, he argues that by limiting the scope of cross-examination, T.C.A. § 40–2445 operates so as to deprive him of his confrontation rights under the Sixth Amendment to the United States Constitution. There is no merit to these contentions.

T.C.A. § 40–2445 (Supp.1981) provides: Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under §§ 39–707 and 39–3701–39–3706 provided, however, that *when consent by*

*the victim is at issue* such evidence may be admitted if it is first established by the court outside the presence of the jury and spectators by the method of clearing the courtroom that such activity shows such a relation to the conduct involved in the case on the part of the victim that is relevant to the issue of consent. (emphasis added).

■ The statute clearly shows on its face that consent must be in issue before a jury-out hearing is required on the question of a victim's prior consensual sexual activity. The defendant's attempt to raise the issue of consent merely by testifying before the trial judge will not suffice; the issue must be raised before the jury. If the issue of consent is not raised before the jury, then obviously, any prior consensual sexual activity in the victim's past would have nothing to do with any issue in the case and would be totally irrelevant and immaterial.

Our Court has previously held that where a defendant's defense to a rape prosecution consisted only of a general denial of the rape, then consent was not "at issue." *Burnett v. State,* Nos. 5021, 5033, 5034 (Tenn. Cr.App., Nashville, April 10, 1979). In *Burnett,* we held that "[t]he term 'issue' in this instance refers to a material issue which arises from the proof and the defense interposed by the defendant."

We note that defense counsel, in his cross-examination of the victim before the jury, made no attempt to question her about whether she consented. Obviously, his better judgment dictated this decision because under the facts of this case, a consent defense was clearly preposterous.

■ Also, there is nothing unconstitutional about the provisions of T.C.A. § 40–2445. It is elementary that the exclusion of immaterial and irrelevant evidence does not abridge an accused's right of confrontation. The right of confrontation merely secures to an accused the right to be confronted with the witnesses who are produced to prove such matters as are competent evidence against the accused under settled principles of law. 23 C.J.S. *Criminal Law* § 999 (1961).

T.C.A. § 40–2445 does not exclude evidence of a rape victim's prior consensual sexual activity where it is relevant to a legitimate consent issue. We have previously held that this shield statute does not violate the confrontation clauses of the Federal or State Constitutions insofar as it prevents the use of prior consensual sexual activity for the sole purpose of attacking the victim's credibility. *Freeman L. Bell v. State,* No. 52 (Tenn.Cr.App., Jackson, June 30, 1977). *See also Shockley v. State,* 585 S.W.2d 645, 650 (Tenn.Cr.App.1978) and *Bell v. Harrison,* 670 F.2d 656 (6th Cir.1982).

Therefore, since consent was not in issue in this case, we hold that the trial court properly denied the defendant's requests for a jury-out hearing on the victim's prior consensual sexual activity, if any. Since, under the facts here, any evidence about her previous consensual sexual history would have been totally immaterial, then it necessarily follows that the defendant was not denied any right of confrontation by being precluded from cross-examining her about this immaterial matter.

■ The defendant's final complaint is that the trial court should have ruled on the admissibility of his prior convictions for impeachment purposes before the trial, or at the close of the State's proof, so that with knowledge of the ruling he could make a decision as to whether to testify. We find no error.

Our Court has held on numerous occasions that a trial court is not obligated to make such a ruling in advance of a defendant offering himself as a witness. *See e.g. Houston v. State,* 567 S.W.2d 485, 488 (Tenn.Cr.App.1978); *State v. Harold Wayne Poe,* No. 494 (Tenn.Cr.App., Knoxville, February 10, 1982); *Johnny Hunt v. State,* No. 379 (Tenn.Cr.App., Knoxville, December 19, 1978); *John Wagner v. State,* No. B–6397 (Tenn.Cr.App., Nashville, January 20, 1977); *State v. James Martin, Jr.,* No. 80–242–III (Tenn.Cr.App., Nashville, October 20, 1981). The latter case was pending on appeal in the Tennessee Supreme Court at the time the present case was submitted to our

Court. The Supreme Court's decision, affirming our Court, was filed on December 6, 1982. *State v. Martin,* 642 S.W.2d 720 (Tenn.1982).

In *Martin,* the Court held that Tennessee would follow the "discretionary rule," i.e. it is left to the discretion of the trial court whether to give an advance ruling to a defendant on the admissibility of his prior convictions. The Court found that the failure of the trial court to give such an advance ruling involved no constitutional abridgment. Further, the Court said a defendant's request to make an offer of proof on the question should be granted so that the appellate courts would have available any relevant proof to aid them in determining whether the trial court abused its discretion.

As we stated earlier in this opinion, a jury-out hearing was held at the defendant's request in which he made an offer of proof. The defendant admitted having prior convictions for rape and crime against nature. As indicated before, he maintained that the victim consented to have intercourse with him, and that afterwards he became angry, tied her up and stabbed her several times.

Since the present case was tried prior to the adoption of the "discretionary rule" by our Supreme Court, we are of the opinion that the rule should not be given retroactive application to the present case. Nevertheless, when the defendant's testimony given at the jury-out hearing is considered in context with all of the facts and circumstances in this case, we conclude that the trial court did not abuse its discretion in declining to make an advance ruling on the admissibility of the defendant's former convictions.

In passing, we call trial judges' attention to this comment made by the Supreme Court in *Martin, supra.*

The discretionary rule does not discourage advance rulings and, of course, necessarily includes the caveat to trial judges that there can be circumstances wherein abuse of discretion will be found for failure to rule prior to defendant's election to testify.

Finally, we point out that after considering the defendant's testimony given at the jury-out hearing, it is obvious that had he testified before the jury, it would only have served to his detriment. His testimony would only have added strength to the State's case. Nothing he could have said could possibly have detracted from the State's overwhelming proof showing his guilt.

We affirm the judgments of the trial court.

DWYER and BYERS, JJ., concur.