STATE of Tennessee, Appellee,

v.

Robert E. WEST, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

May 15, 1987.

Permission to Appeal Denied by Supreme Court Sept. 21, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles E. Bush, Asst. Atty. Gen., Richard Fisher, Asst. Dist. Atty. Gen., Nashville, for appellee.

J. Paul Newman, Asst. Public Defender, Nashville, for appellant.

## OPINION

JAMES C. BEASLEY, Special Judge.

The defendant, Robert E. West, has appealed as of right his convictions on multiple counts of aggravated rape and rape for which he received effective sentences of twenty (20) years.

Issues raised in this appeal include charges that the indictment should have been dismissed for vagueness as to times and dates and because some counts were outside the statute of limitations; that the trial court erred by limiting cross examination of the victim, and that the court erred in limiting the testimony of the defendant and two defense witnesses.

In an indictment returned on October 1, 1984, the defendant was charged in twelve counts with the aggravated rape of his young stepdaughter. Counts one through six charged violations of T.C.A. § 39–2–603 in that during the period between January 1, 1980, and September 30, 1981, the defendant accomplished the acts of sexual penetration of a child less than thirteen (13) years of age. Counts seven through twelve charged that between September 12, 1981, and September 12, 1982, the defendant while armed with a shotgun did by force and coercion accomplish the acts of sexual penetration of his stepdaughter, thirteen (13) years of age, and thus violated § 39–2–603.

The jury found the defendant guilty of aggravated rape in counts one through six and of rape in counts seven through twelve. Punishment of fifteen (15) years confinement was fixed by the jury on each count numbered one through eleven with the recommendation that the sentences be served concurrently. After a sentencing hearing, the trial judge ordered that the sentences imposed by the jury would be served concurrently and fixed a five (5) year consecutive sentence as punishment on count twelve.

The proof shows that the victim of these sexual offenses was born September 12, 1967. Her mother started dating the defendant in 1976 and married him December 1, 1979.

The victim testified that from the time she was nine years old the defendant had on several occasions fondled her, talked dirty and exposed himself to her. He did not have sexual intercourse with her until the middle of December, 1979. On that occasion, while her mother was at work, the defendant picked her up at school and after stopping at a drug store showed her some "rubbers" and told her he was going to take her home and show her a few things. The victim gave a graphic description of the sexual intercourse that followed and told of threats to herself and family if she failed to do what the defendant wanted.

The victim testified that during January, February and March, 1980, the defendant showed her "dirty" magazines and instructed her in doing the things depicted therein. He photographed her in similar lewd poses and had intercourse with her at least a dozen times within that time frame.

Although not giving specific dates and times the victim testified that the defend-

ant had intercourse with her at least once a month from December, 1979 until September, 1982. She said at least six rapes occurred during July, August and September, 1982. She also testified that the last nude photographs of her were taken by the defendant in the late summer (probably July) of 1982.

The record contains several of these photographs which were recovered from the trunk of the defendant's car the day before his arrest on these charges, some of which are patently obscene closeups of the spread vaginal area and one of the genitals during intercourse. "Adult" magazines, including one dated April, 1977, which contain pictures of young girls in similar poses, were also recovered from the trunk of the car.

The victim first met her boyfriend, Paul, in August, 1982. It is not clear from the record but it appears that sometime around her fifteenth birthday the victim told the boyfriend about the rapes. He subsequently persuaded her to tell her mother. When the mother confronted the defendant with these charges, he denied any wrongdoing. As a result of the charges, the defendant moved out of the home during the month of October, 1982, but returned in December at his wife's invitation.

Although the record reflects several contacts between social workers and this family, it appears that formal charges were not lodged against the defendant until July, 1984.

The defendant testified at trial and denied any sexual relationship with his stepdaughter. He denied photographing her but said he found the photographs and a letter to her boyfriend while searching her room for marijuana during December, 1982. He said he placed these items in the trunk of his car for safe-keeping. He testified that he showed the threatening letter to his wife and other members of his family but did not show them the photographs. He stated that he was keeping the pictures for his protection. The defendant explained that the "adult" magazines found in his car had been placed there by his brother-in-law and those found in the bath-

room had been brought to the house by another individual.

The defendant contends that due to the vagueness of the indictment as to the times and dates of the offenses charged he was unable to prepare appropriate defenses and properly establish his theory of the case.

T.C.A. § 40–13–207 provides:

"Time of offense—The time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any date before the finding thereof, or generally before the finding of the indictment unless the time is a material ingredient in the offense."

■ The rule is that the offense must be proved to have been committed prior to the finding of the indictment and within the time specified by any applicable statute of limitations; and, except where a special date is essential or time is of the essence of the offense, the time of the commission of the offense averred in the indictment is not material and proof is not confined to the time charged. *Prince v. State*, 529 S.W.2d 729 (Tenn.Crim.App.1975) and cases cited therein.

This rule is explained in *State v. Shaw*, 113 Tenn. 536, 82 S.W. 480 (1904) thusly:

"The rule to be deduced from our cases is that, where there is no statute of limitations barring the offense, it is unnecessary to state the day, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense, as of offenses committed against laws passed for the preservation of the Sabbath, or unless the time is important to bring the offense within the operation of new or amended statutes or the like; but where there is a statute of limitations that bars the offense there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit; and, finally, that where an impossible date is given, as in

the present indictment, it will be disregarded if the offense is one as to which there is no statute of limitations, or as to which the date itself is not important."

Acknowledging the statutory and case law as heretofore noted, the defendant says that in the instant case time is material for purposes of determining the period of limitations. He argues that some of the offenses under the time frame alleged in counts one through six may have occurred beyond the statute of limitations and without specific dates he was unable to properly assert this defense.

This might well be a valid argument except that under T.C.A. § 39–2–603 the maximum punishment provided for aggravated rape is imprisonment for life and § 40–2–101(a) provides:

"Any person may be prosecuted, tried and punished for any offense punishable with death or by imprisonment in the penitentiary during life, at any time after the offense shall have been committed."

■ Since time is not an essence of the offense and time will not bar the commencement of prosecution, the time of the commission of the offense averred in the indictment is not material and proof is not confined to the time charged. *Sullivan v. State,* 513 S.W.2d 152 (Tenn.Crim.App. 1974).

■ Unless a defendant can show he has suffered a substantial deprivation of his rights, he is not prejudiced. If the indictment sufficiently informs him of the charges against him and will protect him from future prosecutions for the same offense, any variances are harmless. *State v. Hardin,* 691 S.W.2d 578 (Tenn.Crim.App. 1985).

■ Defendant's general allegations that he had insufficient information to prepare defenses or develop his theory of the case falls far short of demonstrating a substantial deprivation of his rights.

The evidence in this case was sufficient to show the offenses were committed within the times alleged in the indictment. Furthermore, the indictment and proof are sufficient to protect him from further prosecution for acts of this nature committed against this victim within the times alleged in the indictment. This issue is without merit.

In the next two issues the defendant says the trial court erred in limiting his cross-examination of the victim.

First, the victim was asked on cross-examination if the relationship with her boyfriend had developed into a sexual relationship. Later defense counsel sought to ask her if she ever wrote letters to her boyfriend describing sex with him.

The defense contended that, while consent was not an issue in the case, these questions represented a proper line of inquiry in an effort to show where the victim might have gained information regarding sexual matters and to show that the boyfriend could be a possible source of the lewd photographs. During a hearing outside the presence of the jury, the defense also presented its theory that although the alleged sexual activity between the victim and her boyfriend occurred subsequent to the offenses charged in the indictment, it preceded the finding of the pictures and letters as claimed by the defendant and was somehow probative regarding his reaction to those items.

The trial court held that whether or not the victim had sexual activity with anyone, "after the summer of '82 was not relevant." [1]

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *State v. Banks,* 564 S.W.2d 947, 949 (Tenn.1978).

In Tennessee evidence is admissible if it tends to prove the issue or constitutes a link in the chain of proof. Whether evidence is admissible rests within the sound discretion of the trial court which will be reversed only for abuse of that discretion. See *Strickland v. City of Lawrenceburg,*

---

**1.** September 12, 1982, was the last date alleged    in the indictment.

611 S.W.2d 832, 835 (Tenn.App.1980) and cases cited therein.

■ We fail to see where evidence of any sexual relationship between the victim and her boyfriend occurring subsequent to the offenses charged in the indictment would have any tendency to make it "more probable or less probable" that the defendant was guilty of those charges. The trial judge properly excluded such evidence.

The defendant cites *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) in support of his contention that this limitation of his cross-examination of the victim infringed upon his constitutional right to confront the witnesses against him. However, as noted by our Court in *State v. Marquadis,* 649 S.W.2d 15 (Tenn. Crim.App.1982):

> "It is elementary that the exclusion of immaterial and irrelevant evidence does not abridge an accused's right of confrontation. The right of confrontation merely secures to an accused the right to be confronted with the witnesses who are produced to prove such matters as are competent evidence against the accused under settled principles of law." 23 C.J.S. Criminal Law Sec. 999 (1961).

We have also considered *Shockley v. State,* 585 S.W.2d 645 (Tenn.Crim.App. 1978) relied on by the defendant and find it clearly distinguishable under the unusual factual situation there. In *Shockley* the prosecutrix claimed that she became pregnant as a result of the rape; thus, the peculiar issue arose as to whether the defendant or someone else was responsible for the pregnancy. Under those facts it was held that the trial judge erred in not permitting the defendant to cross-examine the prosecutrix or call witnesses on his behalf for the purpose of proving the prosecutrix's consensual sexual activity during the period in which conception might have occurred.

In the instant case the trial court made it clear that he was not limiting inquiry or proof to establish that someone other than the defendant took the subject photographs.

■ Likewise without merit is the related issue in which the defendant claims that the court erred in limiting the testimony of his sister, Margaret Blackwell.

The defendant sought to prove through the witness that "sometimes during the fall of 1982" the defendant showed her a letter from the victim to her boyfriend in which she made threats against the defendant and in which she made reference to sexual activity with the boyfriend.

The court allowed the witness to testify about the threat but excluded as irrelevant any reference to the sexual activity.

The trial judge also properly excluded as hearsay the self-serving statement made by the defendant to this witness that he had found the nude photographs of the victim.

■ The defendant also claims that the trial court erred by limiting the testimony of Wilburn West "regarding exact dates and times that defendant was working, thus denying the defendant the opportunity to fully develop the defendant's proof that he was at work during some of the times that the victim claimed to have been assaulted."

The defendant has not directed our attention to nor has our search revealed any support in this record for this contention. To the contrary, the record reflects that the trial judge overruled the State's objection and admitted "for whatever purpose they may accomplish" the daily work records which had been prepared by this witness covering the entire period of the defendant's employment from 1978 until 1981. Great latitude was extended counsel in examining this witness.

Actually the argument in defendant's brief is directed at the refusal of the trial judge to allow a summary of the work record which had been prepared by defense counsel be passed to the jury. The excluded summary is not included in the record and we are thus confronted with the fundamental rule that we cannot pass upon matters not presented by the record before us. *Wiley v. State,* 552 S.W.2d 410 (Tenn.Crim. App.1977).

We have examined the weekly summary of hours worked which was authorized as a less cumbersome alternative by the trial judge and we find it adequately presents the relevant work history. This evidence was at best merely corroborative of the testimony of the witness. No prejudice has been shown and we are convinced that none resulted from the procedure followed.

In the final issue it is alleged that the trial court erred in limiting the testimony of the defendant regarding his background that might affect sentencing.

Without citing authority the defendant submits that he should have been permitted to present to the jury additional testimony bearing upon sentencing. He reasons that since the trial judge imposed the minimum sentence on count twelve after hearing testimony at the sentencing hearing; the jury might have imposed the minimum penalty on the eleven counts if they had been exposed to the additional proof. He describes this "additional proof" as testimony that he had served twelve years as an elected constable.

While a judge is required by the Sentencing Reform Act to follow specific statutory guidelines in determining an appropriate sentence, there were no such criteria applicable to a jury in performing that duty. Furthermore, as to the specific complaint, the record reflects that the defendant did in fact testify in the presence of the jury that he had served as an elected constable.

The record reflects no further offer of proof on this subject nor was the trial court ever informed that background information was sought to be offered for sentencing purposes. Facing the possibility of life sentences on six counts and up to twenty years on the others, this defendant received only fifteen years on each count at the hand of this jury with the recommendation that they be served concurrently. There can be no valid complaint to this minimal sentence imposed by this jury for the commission of these crimes. This issue is without merit.

Finding no reversible error, we affirm the judgments.

O'BRIEN and BYERS, JJ., concur.

