**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael CAUSEY, Defendant–Appellant.**

**No. 92–3515.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 26, 1993.

Decided Nov. 24, 1993.

---

Brian W. Blanchard (argued), Office of the U.S. Atty., Crim. Div., Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Richard H. McLeese (argued), Decker & Associates, Chicago, IL, for defendant-appellant.

Before RIPPLE and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Defendant Michael Causey appeals his convictions for illegal possession of a weapon by a felon, 18 U.S.C. § 922(g)(1), and illegal possession of a weapon not registered to him, 26 U.S.C. § 5861(d). We affirm.

On June 16, 1990, a confidential informant called Chicago Police Officer Carlos Velez ("Officer Velez") and informed him that the Defendant had in his possession three weapons: a brown handled sawed-off shotgun with a blue steel single barrel, a .44–caliber blue steel revolver, and a .38–caliber revolver wrapped in black tape. Based on this information and Officer Velez's four or five prior dealings with this confidential informant, Officer Velez typed a warrant complaint, using only the name "Robert Lewis" to refer to the informant. The informant, signing as "Robert Lewis," *and* Officer Velez signed the warrant complaint. Both appeared before the issuing judge to answer questions. The issuing judge asked the informant several quick questions and then approved the warrant.

Based on this warrant, police officers searched the house where Causey had been periodically staying and recovered a sawed-off shotgun, a .44–caliber handgun, a .22–caliber handgun, and various quantities of drugs. They did not recover a .38–caliber handgun. As a result, the United States indicted Causey on one count for illegal possession of a weapon by a felon (Count One), 18 U.S.C. § 922(g)(1), one count for illegal

possession of a sawed-off shotgun not registered to him (Count Two), 26 U.S.C. § 5861(d), one count for possession of a .44–caliber pistol not identified by serial number (Count Three), 26 U.S.C. § 5861(i), two counts for possession of a controlled substance (Counts Four and Five), 21 U.S.C. § 841(a)(1), and one count for use of a weapon in narcotics trafficking (Count Six), 18 U.S.C. §§ 924(c)(1) & (2).

At a suppression hearing, Causey moved to exclude the weapons and drugs recovered, arguing that the warrant used to recover the contraband materially misstated the confidential informant's true identity and did not reveal that he was a paid confidential informant. At this hearing, Officer Velez testified that he had been taught to use the pseudonym "Robert Lewis" in lieu of the informant's true name in cases in which the informant would personally appear before the issuing judge and where safety required an informant's anonymity. Officer Velez further testified that he believed the issuing judge knew that "Robert Lewis" was in fact pseudonymous. The district judge denied Causey's motion. A jury convicted Causey on Count One for illegal possession of a weapon by a felon, acquitted him on Counts Four, Five and Six, and could not reach a verdict on Counts Two and Three. The district court granted the government's motion to dismiss Count Three. The government then proceeded in a second trial on Count Two.

In a suppression hearing prior to the second trial on Count Two, Causey moved to prohibit the government's use of his first conviction in Count One to impeach him. The district court denied Causey's motion, but limited the government's use of his conviction on Count One only to the fact and date of the conviction, refusing to allow the government to get "into chapter and verse and the nature of the conviction."

On appeal, Causey first argues that the district court erred by failing to exclude the guns and drugs recovered pursuant to a warrant containing false information. Causey also contends that the district court abused its discretion by permitting the government to use his conviction on Count One to impeach him in his second trial on a substantially similar offense. Both arguments are without merit.

The Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) established the standard for voiding a search warrant based on intentionally or recklessly provided false information. The Court held that:

> ... where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded....

*Id.* at 155–56, 98 S.Ct. at 2676.

█ In this case, the district court conducted a *Franks* hearing and upheld the warrant. After reviewing the record, we cannot conclude that the district court's determination of probable cause was clearly erroneous. *United States v. Spears*, 965 F.2d 262, 269–70 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 502, 121 L.Ed.2d 438 (1992). The false information in this case could have misled the issuing judge only as to the identity and the status of the informant, which are relevant only as to his credibility. The false information does not go to the substance of the allegations in the warrant complaint. The district court reasonably credited Officer Velez's uncontroverted assertion that the issuing judge knew "Robert Lewis" was a pseudonym and that the affiant was a confidential informant. Officer Velez clearly did not intend to deceive the issuing judge. Not only did Officer Velez cosign the warrant complaint, but both he *and* the confidential informant personally appeared before the issuing judge. The judge's

inquiry of the informant permitted him to assess the informant's credibility and allay any concerns he might have had about the veracity of the informant's statements. Considering these circumstances as a whole, and deferring to the district court's determinations of witness credibility, the district court's determination of probable cause was not unreasonable. *See United States v. Hendrix,* 752 F.2d 1226, 1230, 1233 (7th Cir. 1985).[1]

However, even if we agreed that the warrant was materially false for failing to disclose the informant's true identity and status, the warrant still withstands the second prong of the *Franks* test. The judge had an opportunity to ask the affiant questions; a police officer co-signed the application; and the information in the warrant was quite specific with respect to the defendant's identity and the weapons he possessed. These reasons alone support a finding of probable cause. Including the real name and true status of the informant would not have changed the issuing judge's decision to issue the warrant. *See United States v. McKinney,* 919 F.2d 405, 415–16 (7th Cir.1990) (citing *Illinois v. Gates,* 462 U.S. 213, 234, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983)). We do not hold that an informant's identity is never relevant or would never invalidate a warrant if concealed. Obviously, there may be cases when concealing an informant's identity would invalidate a warrant, but this case is not one of those.

■■■ Causey next argues that the government·should not have been permitted to impeach his testimony with his prior felon in possession conviction. Evidence Rule 609(a), drawing from Evidence Rule 403, provides that a defendant's prior felony conviction shall be admitted to impeach the defendant's testimony only "if the court determines that the probative value of admitting [the] evidence outweighs its prejudicial effect to the

accused." We will reverse a district court's Rule 609(a) determination only for an abuse of discretion. *United States v. Alvarez,* 833 F.2d 724, 727 (7th Cir.1987). When weighing prejudice against probative value, a district court must consider five factors: 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness' subsequent history; 3) the similarity between the past and present crime; 4) the importance of the defendant's testimony; and 5) the centrality of credibility in the trial. *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). Admittedly, Causey's prior conviction was similar to the crime charged in his second trial, and his felon in possession conviction clearly did not have the impeachment value of a crime involving dishonesty. While these are important factors that militate against admission in the *Mahone* analysis, they are not dispositive. The district court properly considered the other *Mahone* factors as well. In Causey's first trial, before the same district judge who presided over his second trial, Causey contradicted almost all of the police officers' testimony. Therefore, the district judge felt reasonably certain that his credibility would be centrally important in the second trial as well. Second, his felon in possession conviction occurred less than six months prior to the second trial, enhancing its relevance. Finally, Causey did not obviously need to testify to raise his various defenses—several other witnesses for Causey reiterated Causey's testimony. Therefore, Causey could have decided not to testify and risk impeachment. Moreover, the district court limited the government's use of Causey's conviction on Count One only to the fact and date of the conviction. The district court recognized that if the government were permitted to introduce additional information about the conviction, "Mr. Causey would be well on his way to going down the tubes."

---

1. This case is distinct from our pre-*Franks* decision in *United States ex rel. Pugh v. Pate,* 401 F.2d 6, 8 (7th Cir.1968), in which we prohibited the use of a warrant which hid "the identity of [the] affiant or affirmant by use of a false name." There, no police officer co-signed the warrant and the issuing judge seemingly did not know the affiant was using a pseudonym. *See, e.g., id.* at 8

(Kiley, J., dissenting). Moreover, in light of the *Franks* analysis, *Pugh* cannot support a *per se* rule against the use of pseudonyms where the issuing judge has an opportunity to question the affiant, the judge is in fact not deceived, and where there is sufficient probable cause notwithstanding the false information.

On balance, the district court's decision to allow the government to use Causey's conviction in Count One to impeach Causey was not outside the scope of reasonable discretion.

Causey additionally argues that this case is similar to *United States v. Burkhead,* 646 F.2d 1283 (8th Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981), in which the Eighth Circuit prohibited the use of a prior conviction in a subsequent trial concerning the same conduct. In *Burkhead,* the defendant was charged with conspiracy and several related substantive offenses. The trial court severed the conspiracy count from the substantive counts. The government chose to prosecute the substantive offenses first and try the conspiracy offense in a subsequent trial. The Eighth Circuit reversed the conspiracy conviction and held that the government was not permitted to use the prior convictions for the substantive offenses to impeach the defendant in his subsequent trial for conspiracy. The Eighth Circuit feared that the government could successfully bootstrap convictions on weaker counts in a later trial based on earlier convictions arising out of the same conduct or transaction.

*Burkhead* is inapposite here. In *Burkhead,* the actions in the substantive offenses were alleged to be the overt acts underlying the conspiracy. Therefore, introducing the prior convictions on the substantive offenses would prejudice the jury's deliberation on the issue of the overriding conspiracy. More importantly, we interpret *Burkhead* to apply only where the jury was aware that the conduct in the prior conviction was the same conduct on trial. If, contrary to the district judge's order, the government in this case had been permitted to inform the jury that the weapon in Causey's Count One conviction was the same weapon and involved the same circumstances as in his Count Two charge, Causey would obviously have been prejudiced. Here, however, the jury knew no more than the fact and date of the prior felon in possession conviction and was not aware that the two offenses arose out of the same transaction. Therefore, we treat this like any other Rule 609(a) inquiry and, based on

our analysis above, conclude that the district court did not abuse its discretion.

For the foregoing reasons, we AFFIRM the district court.

AFFIRMED.