**STATE of Tennessee, Appellant,**

v.

**Cleo SMITH, Appellee.**

Supreme Court of Tennessee.

Feb. 8, 1982.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, for appellant.

Richard K. Evans, Kingston, for appellee.

## OPINION

DROWOTA, Justice.

We granted the State's Rule 11, T.R.A.P., application for permission to appeal in order to determine: (I) whether the Court of Criminal Appeals correctly held that the trial court erred in failing to instruct the jury that criminal trespass is a lesser included offense within the indicted offense, second degree burglary; and (II) whether the Court of Criminal Appeals correctly held that, where the trial court erroneously instructed the jury that they were authorized to return determinate sentences for the offenses of an attempt to commit a felony, and the jury did so, a new trial is required.

The defendant, Cleo Smith, was indicted for burglary in the second degree (first count), assault with intent to commit first degree murder on Sandra E. Smith (second count), and assault with intent to commit first degree murder on Scott Smith (third count). The jury convicted the defendant of second degree burglary (first count), attempt to commit a felony (second count), and attempt to commit a felony (third count), with respective sentences of not less than three nor more than six years, five years, and three years.

One of the victims, Sandra Smith, had been granted a divorce from the defendant five days prior to the incident in question. She had been granted custody of their two children, and the defendant was given reasonable visitation rights. Mrs. Smith and the children were staying at the home of Mrs. Mary Wehrman, Mrs. Smith's mother. The defendant, apparently incensed over his wife's refusal to allow him to visit with their children, entered the home by breaking down three doors. After he entered the house, Mrs. Smith armed herself with a pistol. The defendant took the pistol away from her and shot her in the left knee and shot at Scott Smith, defendant's fourteen year old son. We find the evidence to be more than ample to support the convictions.

### I.

The defendant argued to the Court of Criminal Appeals that the trial judge should have instructed the jury as to T.C.A. § 39–5305, the "criminal trespass" statute, which provides:

It is declared to be a misdemeanor for any person to unlawfully enter upon the premises of another, and against his consent, with force amounting to a breach of the peace, or such as is calculated to produce a breach of the peace.

Count I of the indictment charged that defendant did

unlawfully, feloniously and forcibly break and enter into a certain house, to-wit: the dwelling house of Mrs. Mary Wehrman with intent of him the said Cleo Smith aforesaid to commit a felony, to-wit: assault with intent to commit murder in the first degree. . . .

The Court of Criminal Appeals, in a split decision, held that the trial court committed reversible error by failing to charge on criminal trespass, citing as authority this

Court's recent ruling in *Howard v. State*, 578 S.W.2d 83 (Tenn.1979). In *Howard*, the same question was presented. The Court held that in view of the wording of the indictment in *Howard*, criminal trespass was not a lesser included offense. The rule was stated in these terms:

> [I]n this context, an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser. If there is evidence to support a conviction for such a lesser offense, it must be charged by the trial judge.

578 S.W.2d at 85.

The majority in the Court of Criminal Appeals felt that the use of the word "forcibly" in the indictment was enough to encompass the elements of criminal trespass under *Howard*. However, the force necessary under § 39–5305 is not just any force, but a special kind "amounting to a breach of the peace, or such as is calculated to produce a breach of the peace." There are many degrees of force that fall short of that specified in § 39–5305. The mere use of the term "forcibly" would not, by itself, be of such character as to connote a threatened or actual breach of the peace.

 To require an instruction that criminal trespass is a lesser included offense under the *Howard* rule, the burglary indictment must contain the phrase "breach of peace" to describe the force used by the defendant:

> Applying that rule to the instant case, it is apparent that the trial judge was correct in not instructing the jury concerning the crime of criminal trespass, for an element of that crime—that the defendant's conduct be a breach of the peace—was not alleged in the indictment in the course of setting forth the elements of third degree burglary.

*Id.* at 85.

Even though it is conceivable that the evidence adduced at trial would support a conviction for criminal trespass, an indictment which fails to encompass the lesser offense within its stated elements does not put defendant properly on notice of the charges against which he must defend. *Id.* at 84. We concur with Judge Duncan's dissent that, on the basis of *Howard*, the trial judge was correct in not instructing the jury as to criminal trespass.

## II.

The State concedes, and the majority below held, that the trial court erroneously charged the jury that the punishment for assault with intent to commit a felony was a determinate, rather than an indeterminate, sentence. *See*, T.C.A. § 40–2707.

In making his charge, the trial judge told the jury that they could designate a "definite maximum number of years between one and five years" in the penitentiary or, in the alternative, "imprisonment in the Roane County Jail for any period of time up to eleven months and twenty-nine days, and a fine up to $500."

The attempted felony statute, T.C.A. § 39–603, provides that defendants convicted of that offense shall be punished

> by imprisonment in the penitentiary not exceeding five (5) years or in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one (1) year, and by fine not exceeding five hundred ($500) dollars.

The jury assessed imprisonment penalties of five years and three years, respectively, against the defendant for two counts of assault with intent to commit a felony.

 The State avers that the error of assessing determinate sentences is not reversible error and that in cases in which the jury returns a determinate sentence when they should have returned an indeterminate sentence, T.C.A. § 40–2708 controls. That statute provides that the sentence established by the jury is deemed to be the maximum figure in the indeterminate range, and the minimum figure is the minimum sentence as provided by the statute describing the offense. The sentence in this case, though incorrect, is valid, and the law automatically reads the minimum figure into the sentence. *McBee v. State*, 526 S.W.2d 124, 126 (Tenn.Cr.App.1975); *Davis v. State*, 1 Tenn.Cr.App. 479, 498, 445

S.W.2d 933, 942 (1969); *Leek v. State*, 216 Tenn. 337, 344–345, 392 S.W.2d 456 (1965); *Holt v. State*, 210 Tenn. 188, 199–200, 357 S.W.2d 57 (1962).

T.C.A. § 39–603 establishes a range from one to five years if the jury deems the offense to be a felony, and a jail term of not more than one year, and a fine of up to $500, if it deems the offense to be a misdemeanor. By establishing sentences of five and three years, the jury in this case adjudged the defendant's conduct to be felonious, making applicable the statutory range of one to five years.[1] The jury, therefore, returned valid sentences of one to five years and one to three years.

The sentences are corrected to read that the defendant shall serve a term of confinement in the State penitentiary for not less than one nor more than five years and, not less than one nor more than three years. The judgment of the Court of Criminal Appeals is reversed and the judgment of the Criminal Court of Roane County, as modified, is affirmed.

HARBISON, C. J., COOPER and BROCK, JJ., and GODDARD, Special Justice.

---

**1.** When the jury found the defendant guilty of a felony under § 39–603, the "absolute minimum" under the statute—i.e., the misdemeanor portion—does not come into play.