**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jay Thomas KNOWLES,**
**Defendant-Appellant.**

**No. 84–5086.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 22, 1984.

Decided Sept. 28, 1984.

Robert L. Tucker (argued), Asst. Federal Public Defender, Nashville, Tenn., for defendant-appellant.

Joe B. Brown, U.S. Atty., John Williams (argued), Nashville, Tenn., for plaintiff-appellee.

Before MERRITT, KENNEDY and WELLFORD, Circuit Judges.

MERRITT, Circuit Judge.

Any person who has been convicted of a "felony" is prohibited by federal law from possessing a firearm. 18 U.S.C. app.

---

§ 1202(a)(1) (1982). Defendant Jay Thomas Knowles is charged with two counts of violating this statute. He was convicted in Tennessee of petit larceny and receiving stolen property valued under two hundred dollars. Although the Tennessee statutes permit a maximum sentence of five years in the penitentiary for each offense, the defendant actually received for each offense a sentence of eleven months and twenty-nine days in the county jail. The question presented by this appeal is whether these state convictions—carrying a sentence of less than one year—qualify as felonies so that defendant is prohibited by federal law from possessing a firearm. We conclude that Tennessee law classifies such crimes as felonies.

## I.

On January 12, 1981 the defendant was convicted of petit larceny. On July 27, 1981 the defendant was convicted of receiving stolen goods under the value of two hundred dollars. The Tennessee criminal code provides that the punishment for petit larceny is imprisonment in the penitentiary for not less than one year nor more than five years. TENN.CODE ANN. § 39–3–1104. The penalty for receiving stolen goods valued under two hundred dollars is the same. TENN.CODE ANN. § 39–3–1113.

The difficulty in this case arises from TENN.CODE ANN. § 39–3–1105, which provides that

In all cases of petit larceny, and in all prosecutions for receiving stolen goods under the value of two hundred dollars ($200), the court may, in the event of conviction, on the recommendation of the jury, substitute, in lieu of punishment in the penitentiary, imprisonment in the county jail or workhouse . . . .

The defendant received the benefit of this statute for both of his convictions: each conviction resulted in a sentence of imprisonment in the county jail for eleven months and twenty-nine days.

As noted above, federal law prohibits anyone previously convicted of a felony from possessing a firearm. A "felony" is defined as "any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less." 18 U.S.C. app. § 1202(c)(2). The indictment in the present case alleges that in May of 1983 the defendant came into possession of two shotguns. The petit larceny and receiving stolen goods convictions were relied on as the predicate felony convictions. The defendant filed a motion to dismiss the indictment on the ground that these prior convictions were insufficient to support a section 1202(a)(1) conviction. Upon denial of that motion, the defendant entered a conditional plea of guilty under Rule 11(a)(2), Fed.Rules Cr.Proc., which preserved his right to appeal the denial of the motion to dismiss. This appeal followed.

## II.

The defendant concedes that his state convictions meet the general felony definition of 18 U.S.C., App., § 1202(c)(2): "any offense punishable by imprisonment for a term exceeding one year." Defendant's argument is that his convictions fall within the statutory exception to the general rule, the exception being "any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less." *Id.* To prevail, defendant must establish that his state convictions are both classified as misdemeanors by Tennessee and that they are punishable by a term of imprisonment of two years or less. We shall examine first Tennessee's classification of these convictions. If we conclude that they are classified as felonies, we need go no further.

Defendant relies on the recent opinion by the Tennessee Supreme Court in *State v. Smith*, 627 S.W.2d 356 (Tenn.1982). The defendant in that case was charged with two counts of assault with intent to commit a felony, an offense similar to petit larceny

and receiving stolen goods in that the punishment can be either confinement of more than one but less than five years in the penitentiary or less than one year in the county jail. The trial court instructed the jury that they could designate a definite maximum number of years between one and five in the penitentiary or, in the alternative, any period up to one year in the county jail. 627 S.W.2d at 358. This instruction was erroneous because under Tennessee law the punishment for this crime is indeterminate. *Id.* The Tennessee Supreme Court held that the jury's determinate sentence should be converted to an indeterminate sentence by deeming the jury's sentence as the maximum sentence and incorporating as the minimum sentence that which is provided by the statute. In the course of its discussion, the Supreme Court stated that the punishment statute,

> establishes a range from one to five years if the jury deems the offense to be a felony, and a jail term of not more than one year, and a fine of up to $500, if it deems the offense to be a misdemeanor. By establishing sentences of five and three years [for the two convictions], the jury in this case adjudged the defendant's conduct to be felonious, making applicable the statutory range of one to five years.

627 S.W.2d at 359 (footnote omitted).

This language strongly suggests that for Tennessee offenses where the sentence can be either a term in the penitentiary or the county jail, the offense is deemed a misdemeanor if the actual sentence imposed is confinement in the county jail for less than one year. However, two unreported Tennessee Court of Criminal Appeals decisions, in which the court considered prior convictions relied on for habitual criminal convictions, undermine this conclusion. In *State v. Martin*, No. 80–242–III (Tenn.Crim.App., Oct. 20, 1981), *aff'd on other grounds*, 642 S.W.2d 720 (Tenn.1982) slip op. at 3, the court held that the statute which allows in cases of attempt to commit a felony discretionary punishment of less than one year "does not reduce the grade of the offense

from a felony to a misdemeanor." More recently, in *State v. Prince*, No. 8 (Tenn. Crim.App., January 5, 1984), slip op. at 2 the intermediate appellate court stated that

> In *State v. James Martin*, No. 80–242–III (Tenn.Cr.App., Nashville, October 20, 1981), this Court held that the statute which allows discretionary punishment of less than a year in appropriate cases did not reduce a felony conviction to a misdemeanor. The Supreme Court granted review of this case on another issue and on December 6, 1982, at 624 [642] S.W.2d 720 (Tenn.1982), affirmed the conviction. Thus, sub silentio, the rule established by this Court was approved. The appellant relies upon *State v. Smith*, decided February 8, 1982, at 627 S.W.2d 356 (Tenn. 1982), to assert the contrary. In modifying an incorrect determinate sentence fixed by a jury, the Supreme Court did make a broad statement that if a jury fixed punishment at less than one year they found the offense to be a misdemeanor. However, a close reading of the case shows this statement to be dicta, and we conclude the subsequent opportunity presented to the Supreme Court in *Martin*, when this was a direct issue passed on by this Court, not to review our decision on this issue, established the rule to be as we have stated herein and in *Martin*.

These statements subsequent to *State v. Smith* convince us that it is not sufficient authority upon which to rest our decision.

The government directs our attention to another Tennessee case styled *Smith v. State*, 584 S.W.2d 811 (Tenn.Crim.App. 1979), wherein the court held that receiving stolen property under the value of two hundred dollars is a felony. However, the defendant was sentenced to two to five years in the penitentiary for this offense, and the issue of offense classification when a jail sentence of less than one year is imposed was not raised in that case.

We believe the controlling Tennessee decisions are those that arose under another statute, TENN.CODE ANN. § 40–20–103,

which is the punishment statute of general application. It provides in part that "[w]henever the minimum punishment is imprisonment in the penitentiary for one (1) year, but in the opinion of the jury the offense merits a lesser punishment, the jury may punish by confinement in the county jail or workhouse for any period less than twelve (12) months except as otherwise provided." This statute is identical in all material respects to TENN.CODE ANN. § 39–1–1105, the statute which applies only to petit larceny and receiving stolen goods valued under two hundred dollars. Many years ago the question arose whether the state or the counties were responsible for the cost of incarcerating in county jails those persons who received the benefit of this statute. In *Woolen v. State, ex rel. Portis*, 129 Tenn. 455, 457, 166 S.W. 594 (1914), the Tennessee Supreme Court held that "in cases of felonies, where the punishment has been commuted from confinement in the penitentiary to confinement in a county workhouse or jail, there is worked by the commutation no change in the grade of the offense ...."

Two years later, in *Davidson v. Gibson County*, 134 Tenn. 526, 184 S.W. 29 (1916), the Tennessee Supreme Court reaffirmed its holding in *Woolen* and explained the commutation statute:

> The object of the statute in authorizing a workhouse sentence in felony cases is to give the State the benefit of the county prisons for the confinement of a large class of its felony convicts, and the operation of the statute is highly beneficial to the State in relieving its main prison and in saving the cost of transportation of prisoners.

134 Tenn. at 534–35, 184 S.W. 29.

We find no indication that these decisions have been disturbed. We thus conclude that they control this case: the defendant's convictions are classified as felonies by Tennessee even though the defendant received sentences normally given for misdemeanors. Since we conclude that the convictions are classified as felonies by the state, we need not reach the second prong of the statutory exception (whether the offenses are punishable by imprisonment of two years or less).

For the foregoing reasons, the judgment of the District Court is affirmed.