780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MICHAEL PAUL BEAZLEY, Defendant-Appellant.
 84-5905
 United States Court of Appeals, Sixth Circuit.
 11/7/85
 
 AFFIRMED
 M.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant appeals his jury convictions of two counts of possession of firearms by a convicted felon in violation of 18 U.S.C. App. Sec. 1202(a)(1). For the reasons that follow, we affirm.
 
 I.
 
 2
 The facts underlying the defendant's arrests and giving rise to his convictions as found by the district judge and discerned from the record are:
 
 COUNT I
 
 3
 At approximately 11:50 p.m. on September 23, 1983, Tennessee Highway Patrol Trooper Ottie Shoupe observed the defendant operating a Cadillac automobile northbound on State Highway 31W, a two-lane highway in Sumner County, Tennessee. After Trooper Shoupe noticed defendant's automobile cross the centerline of the highway into the trooper's lane, he stopped the defendant's automobile. Trooper Shoupe approached defendant in the driver's seat of his automobile and, after noticing the odor of alcohol, asked defendant to get out of his automobile. Trooper Shoupe then flashed his flashlight into defendant's automobile and discovered the butt of a revolver which the trooper reduced to his possession.
 
 
 4
 After finding the pistol, Trooper Shoupe informed defendant that he was under arrest for 'DUI and carrying a weapon with intent to go armed.' However, shortly after making the arrest, Trooper Shoupe received instructions from the THP dispatcher to respond to a traffic accident with personal injuries on a nearby interstate. Trooper Shoupe then retained possession of the pistol, but gave defendant a citation for carrying a weapon and permitted him to drive home.
 
 COUNT II
 
 5
 At approximately 2:50 a.m. on November 19, 1983, Goodlettsville, Tennessee, Police Department Officer Dick Wakefield observed defendant's Cadillac automobile enter Highway 31 from Interstate 65. Upon observing the defendant's automobile being operated in an erratic manner, he stopped the defendant's automobile. When the defendant got out of his automobile, he appeared to be intoxicated. Later when a flashlight was used to look into defendant's automobile, a shotgun was observed on the floor of the vehicle. Defendant was then arrested for DWI and for having a firearm.
 
 
 6
 When the state cases came to trial, Shoupe, having been advised by the assistant district attorney that the firearms matter would be prosecuted by the federal government, did not appear for the hearing, and on motion of the state's attorney the general sessions judge pro tem dismissed the September 23, 1983, appeal case. However, as to the November 19, 1983, arrest, Wakefield did appear and a hearing was conducted. At the conclusion of the hearing and over the objection of the state assistant district attorney, the general sessions judge pro tem dismissed the charges and ordered the return of both firearms to defendant. Thereafter, the indictment on the federal charges was returned May 23, 1984.
 
 
 7
 Defendant argues (1) his earlier state convictions are not properly classified as 'felonies' within the meaning of the federal statute; (2) the district court should have given full faith and credit to the findings of a state court which had earlier determined that the weapons used in evidence against defendant were seized illegally; (3) the district court's independent determination that the evidence was seized lawfully is incorrect; and (4) the defendant's convictions of two counts of possession of firearms are improper because possession is a course of conduct, and the evidence showed appellant's possession of both firearms to be continuous.
 
 II.
 A.
 
 8
 As to defendant's argument that his earlier state convictions are not properly classified as 'felonies' within the meaning of 18 U.S.C. App. Sec. 1202(c)(2), we look to the Tennessee statutory definition of the crime defendant was convicted of:
 
 
 9
 Attempt to Commit Felony. If a person attempts to commit a felony or a crime punishable by imprisonment in the penitentiary, where punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding Five Thousand Dollars ($5,000.00).
 
 
 10
 Tenn. Code Ann. Sec. 39-1-501. We have noted that defendant had two prior convictions under this statute. The first conviction resulted in defendant being sentenced to confinement in the state penitentiary for a period of not more than three (3) years nor less than one (1) year. Defendant's second conviction resulted in a sentence of confinement in the state penitentiary for a period of not more than one (1) year and one (1) day nor less than one (1) year. Both of these sentences were suspended.
 
 
 11
 Although defendant has argued that since the 'Attempt to Commit a Felony' statute provides an alternative punishment of a sentence in the county workhouse or jail 'not more than one (1) year' and is thus a misdemeanor, this argument was foreclosed by the Supreme Court of Tennessee in Rafferty v. State, 91 Tenn. 655 (1892), where the court in discussing the alternative sentencing provision of the attempt to commit a felony statute said, 'the fact that the punishment for the attempt is in the alternative, either by imprisonment in the penitentiary or by fine and imprisonment in the county jail, does not make it any less an offense punishable by imprisonment in the penitentiary, or take away from the characteristic of a felony.'
 
 
 12
 In United States v. Knowles, 744 F.2d 539 (6th Cir. 1984), this court found that a Tennessee defendant who had been convicted of the offensee of petit larceny and receiving stolen property valued under Two Hundred Dollars ($200.00) for which he received sentences of eleven (11) months and twenty-nine (29) days in the workhouse in each case had been convicted of a 'felony' under the provisions of 18 U.S.C. App. Sec. 1202(a)(1). In this connection, we have noted that under Tennessee law, the penalties for petit larceny and receiving stolen property valued at less than Two Hundred Dollars ($200.00) were the same as that for attempt to commit a felony. Moreover, in Knowles, this court relied on the case of State v. Martin, No. 80-242-111 (Tenn. Crim. App., Oct. 20, 1981), aff'd on other grounds, 642 S.W.2d 720 (Tenn. 1982), wherein the Tennessee Court of Criminal Appeals in an unpublished opinion held that an attempt to commit a felony was a felony and that the alternative sentencing provisions did not reduce the grade of the offense from a felony to a misdemeanor.
 
 
 13
 Turning to the second part of the defendant's argument, we are of the opinion that even if 'an attempt to commit a felony' is considered a misdemeanor under Tennessee law, it still meets the definition of 'felony' in 18 U.S.C. App. Sec. 1202(c)(2) considering the fact that such an offense is punishable by a term of imprisonment in excess of two (2) years since the maximum possible sentence is five (5) years. See, e.g., United States v. Atwell, 71 F.R.D. 357 (D. Del. 1976), aff'd, 559 F.2d 1209 (3d Cir. 1977) where the district court held:
 
 
 14
 [A] felony is defined as an offense punishable by imprisonment for more than one year, but does not include any offense classified as a misdemeanor under state law which is punishable by a prison term of two years or less.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 In determining whether a state conviction falls within these paramenters, the actual sentence imposed is irrelevant.
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 Instead, the sole fact to be assessed is the length of the maximum prison term that may be imposed after conviction under the particular statute . . .. Thus, for a crime not to be within the federal definition of felony, it must either carry a maximum term of less than one year or be classified as a misdemeanor under state law and be punishable by imprisonment for a maximum term of two years or less. (emphasis supplied)
 
 
 21
 See also United States v. Johnson, 497 F.2d 548 (4th Cir. 1974). As the maximum sentence for attempt under Tennessee law is five (5) years, the defendant's convictions were felonies as defined by 18 U.S.C. App. Sec. 1202(c)(2).
 
 B.
 
 22
 As to the defendant's argument that the district court should have given full faith and credit to the findings of a state court general sessions pro tem judge (not a court of record) which had earlier determined that the weapons used in evidence against defendant were seized illegally, we find this argument to be without merit under United States v. McManus, 719 F.2d 1395 (6th Cir. 1983). McManus involved a case in which evidence had been seized by Michigan state authorities, and the state trial court had suppressed the evidence. In considering whether or not the state of Michigan decisions concerning the suppression of the evidence were controlling, this court held:
 
 
 23
 [I]n any event, the state decisions would not have been controlling, since it is clear that a state search warrant being challenged in a federal court must be judged by federal constitutional standards. Elkins v. United States, 364 U.S. 206, 80 S. Ct. 1437, 4 L.Ed.2d 1669 (1960). The federal district court was thus required to make an independent determination of validity. . . . 719 F.2d at 1397.
 
 
 24
 From our review of the record, we do not view the facts found by the district judge at the suppression hearing to be clearly erroneous. And since the revolver involved in Count I and the shotgun involved in Count II were in plain view at the time of each arrest, there was no illegal search or seizure.
 
 III.
 
 25
 Having carefully considered all of the issues raised by the defendant, we conclude that he had a fair trial and that no reversible error was committed by the district court. Accordingly, the judgments of conviction are AFFIRMED.