**STATE of Tennessee, Appellee,**

v.

**Dhikr Abban BOYCE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 2, 1995.

Jeffrey A. Devasher, Senior Assistant Public Defender, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Cyril V. Fraser, Counsel for the State Criminal Justice Division, Nashville, Victor S. Johnson, District Attorney General, Nick Bailey and Peter Hines, Assistant District Attorneys General, Nashville, for Appellee.

*OPINION*

WELLES, Judge.

This case is here by appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure. The defendant was convicted on a jury verdict of Burglary. He appeals his conviction presenting two issues for review: (1) that the evidence presented at trial was insufficient to support the verdict of guilt, and (2) that the trial court erred in denying the defendant's request that the jury be instructed on Criminal Trespass as a lesser included offense of Burglary. We agree that the jury should have been charged on the lesser included offense of Criminal Trespass. We, therefore, reverse the judgment of the trial court and remand for further proceedings.

We begin with a brief summary of the facts. On the evening of August 15, 1992, Jeffery Lynn Clark was working at his business in Nashville, Tennessee. At about 11 p.m., he heard the sound of breaking glass outside. He got in his truck and circled the block to investigate. He observed that the front pane of glass was broken out of a building formerly occupied by Dixie Business Systems, a business that had closed its doors and entered bankruptcy.

Mr. Clark called the police from his car phone and reported the broken window. Some five to eight minutes after he had heard the broken glass, Mr. Clark observed a man walk up to the building, look around, and then walk to a vacant lot out of Mr. Clark's view. Mr. Clark then saw the man return to the front of the building, look inside, and enter the building through the broken window.

The police arrived at the scene within two to three minutes after the man had entered the building. Mr. Clark advised the police that a man was inside. The police officers then announced their presence to whoever might be inside the building, and asked them to come out. When no one exited, a police dog was sent inside the building. Within two minutes, the dog had apprehended the man inside and he was brought out by the police.

Dixie Business Systems had been operated as an office supply company. After going out of business and entering bankruptcy, the remaining contents of the building had been boxed up pending bankruptcy proceedings. The landlord had changed the locks on the building. The landlord testified that some of the boxes had been moved and some had been opened. Dixie Business Systems had access to the premises until the locks were changed, some two weeks to a month before the incident.

The evidence showed that the front window had been broken by a rock thrown from the outside. The electricity had been turned off so there were no lights in the building. At the time he was apprehended, the defendant had no flashlight or other tools of any kind.

At the conclusion of the State's proof, the defense moved for a judgment of acquittal. This motion was denied by the trial court. The defense offered no proof.

Defense counsel requested that the trial court instruct the jury on the offense of Criminal Trespass as a lesser included offense of Burglary. The trial court denied the request. The Defendant was convicted of Burglary as charged in the indictment.

The indictment charged that the defendant committed a burglary in that he:

without the effective consent of the property owner, did enter the building other than a habitation or any portion thereof of Mary Rogers, not open to the public, with the intent to commit theft in violation of Tennessee Code Annotated section 39–14–402
. . .

The defendant argues that under the law and facts of this case, the trial court committed error of prejudicial dimensions in refusing to charge the jury on the offense of Criminal Trespass as a lesser included offense of Burglary.

The State's sole response to the defendant's argument is to cite *State v. Smith*, 627 S.W.2d 356 (Tenn.1982), for the proposition that because an element of Criminal Trespass, that the defendant's conduct be a breach of the peace, was not alleged in the indictment for burglary, a jury instruction on Criminal Trespass was not required. *Smith* is one of several pre–1989 cases which held that the crime of Criminal Trespass was not necessarily a lesser included offense of Burglary.[1] At that time, Criminal Trespass required a "breach of the peace." [2]

The State's reliance on *Smith* is misguided, however, because it overlooks the changes in the definitions of the applicable statutes which were enacted by the General Assembly in 1989. 1989 Pub.Acts ch. 591, § 1.

Now, burglary is committed when a person, without the effective consent of the property owner, enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony or theft. (Tenn.Code Ann. § 39–14–402(a)(1) (1991).[3] Criminal Trespass is committed when a person, knowing he does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof. Tenn.Code Ann. § 39–14–405(a) (1991).

The Tennessee Supreme Court set forth the test to be used to determine whether an offense is a lesser included offense in *Wright v. State*, 549 S.W.2d 682, 685–86 (Tenn.1977), as follows:

> We think a better test was laid down by this court, speaking through the late Justice Weldon White, in *Johnson v. State*, 217 Tenn. 234, 397 S.W.2d 170, 174 (1965):
>
>> The true test of which is a lesser and which is a greater crime is whether the elements of the former are completely contained within the latter, so that to prove the greater the State must first prove the elements of the lesser.

Subsequently, in *Howard v. State*, 578 S.W.2d 83, 85 (Tenn.1979), the court stated:

> We believe that the better rule, and the one to be followed henceforth in this State, is the rule adopted implicitly by this court in *Wright v. State, supra*, that, in this context, an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser. If there is evidence to support a conviction for such a lesser offense, it must be charged by the trial judge. T.C.A. § 40–2519 [now T.C.A. § 40–18–118(a) ]; *Whitwell v. State*, 520 S.W.2d 338 (Tenn.1972).

■ Because the statutory definition of criminal trespass now omits any reference to "breach of the peace," criminal trespass can be a lesser included offense of burglary. We conclude that in the context of the case *sub judice*, Criminal Trespass is a lesser included offense of Burglary.

■ Tennessee Code Annotated section 40–18–110(a) requires trial judges to charge the jury on lesser included offenses charged in the indictment whether requested to do so or not. *See Howard*, 578 S.W.2d at 85.

---

1. *See, e.g., Howard v. State*, 578 S.W.2d 83 (Tenn. 1979); *State v. Freeman*, 669 S.W.2d 688, 692 (Tenn.Crim.App.1983).

2. Prior to the statutory changes in 1989, the offense of criminal trespass made it a misdemeanor for "any person to unlawfully enter upon the premises of another, and against his consent, with force amounting to a breach of the peace, or

such as is calculated to produce a breach of the peace." Tenn.Code Ann. § 39–5305 (Supp. 1980).

3. For alternative definitions of burglary, see Tennessee Code Annotated § 39–14–402(a)(2), (3) and (4).

Failure to instruct on a lesser included offense denies a defendant his constitutional right to trial by jury. *State v. Wright*, 618 S.W.2d 310, 315 (Tenn.Crim.App.1981).[4]

We are mindful of the cases which hold that a trial court does not commit reversible error in failing to instruct the jury on lesser included offenses when the record clearly shows that the defendant is guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense. *Whitwell v. State*, 520 S.W.2d 338 (Tenn.1975); *see State v. Boyd*, 797 S.W.2d 589 (Tenn.1990), *cert. denied*, 498 U.S. 1074, 111 S.Ct. 800, 112 L.Ed.2d 861 (1991); *State v. Mellons*, 557 S.W.2d 497 (Tenn.1977); *Carmon v. State*, 512 S.W.2d 595 (Tenn.Crim. App.1974).

■ In the case *sub judice*, the proof clearly shows the defendant guilty of Criminal Trespass. Whether the defendant is guilty of burglary depends upon his intent at the time he entered the premises, as charged in the indictment. This court and the trial judge may conclude that the defendant had such intent. However, the finder of fact is the jury. By failing to charge the jury on the lesser included offense of Criminal Trespass, the trial court deprived the defendant of his right to have the jury determine his guilt.

"However plain it may be to the mind of the Court that one certain offense has been committed and none other, he must not confine himself in his charge to that offense. When he does so he invades the province of the jury, whose peculiar duty it is to ascertain the grade of the offense. However clear it may be, the Court should never decide the facts, but must leave them unembarrassed to the jury." *Poole v. State*, 61 Tenn. 288, 294 (1872).

We conclude that the defendant was entitled to have the jury instructed on the lesser included offense of Criminal Trespass.[5]

The judgment of the trial court is reversed. This case is remanded for further proceedings.

TIPTON, J., and STEPHEN M. BEVIL, Special Judge, concur.

---

4. Rather than analyze this issue in detail, we rely on the discussion and analysis of this issue by Judge Joe Duncan in *State v. Wright*, 618 S.W.2d 310, 315–17 (Tenn.Crim.App.1981). *See Raybin, Tennessee Criminal Practice and Procedure* § 30.70 (1985).

5. While the right to a charge on lesser included offenses is statutory, it does have a constitutional basis. A jury may be more likely to convict of the greater offense if the only other option is to acquit. *See Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).