IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION



**FILED**

**October 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9707-CR-00316 |
| Appellee, | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| ANTONIO SHELTON, | ) | |
| | ) | (Theft of Property) |
| Appellant. | ) | |

FOR THE APPELLANT:

Thomas Edward Nelson
211 Third Avenue, North
Nashville, TN 37201

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Lisa A. Naylor
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
222 Second Avenue, North, Suite 500
Nashville, TN 37201-1649

James W. Milam
Assistant District Attorney General
222 Second Avenue, North, Suite 500
Nashville, TN 37201-1649

OPINION FILED: _____

REVERSED AND REMANDED FOR A NEW TRIAL

L. T. LAFFERTY, SENIOR JUDGE

# OPINION

The defendant, Antonio Shelton, appeals as of right from his conviction by a Davidson County jury for theft of property worth more than $1,000, but less than $10,000, a Class D felony, and imposed a fine of $1,000. The defendant was sentenced to two years as a Range I offender and placed on community corrections. The defendant complains:

(1) The trial court erred in not charging the jury on the lesser included offense of unauthorized use of automobiles and other vehicles, to wit: joy-riding.

(2) The trial court erred in denying the defendant's oral motion for judgment of acquittal at the conclusion of the State's case, as well as the defendant's subsequent written motion at the motion for new trial hearing.

(3) The trial court erred in not charging T.P.I. Crim. 42.19 relative to inferences in conjunction with charging the jury T.P.I. Crim. 42.20, inference from possession of recent stolen property.

(4) The trial court erred in charging the jury orally one (1) of two (2) bracketed alternatives at the conclusion of the first paragraph of T.P.I. Crim. 42.20, inference from possession of stolen property, while written charge submitted to the jury contained both bracketed alternatives, allowing the jury to choose between the alternatives during deliberation.

After an appropriate review of the entire record, the briefs of the parties, and the law, we reverse the trial court's judgment and remand for a new trial.

## BACKGROUND

On March 1,1995, the defendant and Leslie D. Hickman were arrested by officers of the Davidson County Metro Police Department and charged with the theft of a 1986 Cadillac DeVille. Both defendants went to trial in October, 1996, but the jury could not agree on a verdict and the trial court declared a mistrial. The co-defendant, Leslie D. Hickman, disposed of his case by a settlement, leaving the defendant, Antonio Shelton, for trial.

Officer Scott Miller of the Metro Police Department testified he answered a call at 3:00 a.m. concerning a vehicle parked on the street in front of a residence on Woodymore Place. Upon arriving at the residence, Officer Miller observed a Cadillac occupied by two persons. The officer identified the defendant as sitting in the driver's seat. As Officer Miller approached the vehicle, he observed "that the steering column on the car was peeled." Officer Miller asked for registration identification, but the defendant was unable to produce any registration papers. The officer placed the defendant in his squad car. Officer Miller had the police dispatcher contact the registered owner, Ms. Vicki Owens. Officer Dan Whitley, who responded to Officer Miller's call for backup, testified that he observed the steering column had been peeled and parts of the column were lying on the driver's side floorboard. Both officers stated the car could be started by using a screw driver or pliers on the ignition lever, pulling the lever up.

Ms. Vicki Owens, owner of the Cadillac, testified she was awakened by a call from a Metro Police dispatcher concerning her car. At the request of the police, Ms. Owens checked her driveway and found her car missing. The victim did not know the defendant nor gave him permission to drive her car.

In his own behalf, the defendant testified he and Leslie D. Hickman went to a friend's house for a music session. At approximately 11:30 p.m., the defendant, Hickman, Michael Darwin, and a friend of Darwin's left in a Sunbird to go to Antioch to buy some liquor. However, the driver of the Sunbird was driving too fast, so the defendant asked Darwin if he could find them another ride back to the friend's home. Darwin got the defendant and Hickman a ride with "Reggie." The defendant asked Reggie, "Why is the neck broken on this car?" Based on Reggie's answer, the defendant did not believe the Cadillac was stolen. Reggie informed the defendant he was going to stop at a friend's to use the bathroom. Reggie stopped the car, got out, and disappeared. The police pulled up behind the car and an officer asked the defendant for a driver's license, which the defendant did not have. The defendant insisted he was on the passenger's side of the vehicle at the time of his arrest.

3

Also, the defendant testified he had owned a car for over a year and a half that had a stripped steering column. Further, it was common in the defendant's neighborhood for persons to own cars with stripped columns.

Based upon the evidence, the jury found the defendant guilty of theft of property.

**APPELLATE ISSUES**

Without a special request for a jury instruction on joyriding by the defendant, the defendant nevertheless contends it was fundamental error for the trial court to not instruct the jury of this included offense. In its brief, the State concedes the trial court may have committed error in not charging an included offense of joyriding.

Since we are reversing and remanding this case for a new trial, we will address only the trial court's failure to charge the included offense of joyriding as dispositive of the case.

The indictment in this cause alleges the defendant, "knowingly did obtain or exercise control over certain property, to wit: 1986 gray 4-door Cadillac DeVille, of the value of more than $1,000, but less than $10,000, the property of Vicky Lynn Owens, without the effective consent of Vicky Lynn Owens, with the intent to deprive Vicky Lynn Owens of the property. . . ." Thus, the State must prove the essential element of intent on the defendant's part to uphold a conviction for the offense of theft. Tenn. Code Ann. § 39-14-103.

On the other hand, Tenn. Code Ann. § 39-14-106 describes the elements of joy-riding:

> A person commits a Class A misdemeanor who takes another's automobile, airplane, motorcycle, bicycle, boat or other vehicle without the consent of the owner and the person does not have the intent to deprive the owner thereof.

Pursuant to Tenn. Code Ann. § 40-18-110(a), a trial court is required "to charge the jury as to all of the law of each offense included in the indictment, without any request on

4

the part of the defendant to do so." When the evidence, introduced by the State or the defendant, is susceptible of inferring guilt of either a lesser grade or lesser included offense, the trial court has a mandatory duty to charge such lesser offense. *State v. Trusty,* 919 S.W.2d 305, 310 (Tenn. 1996); *State v. Howard,* 926 S.W.2d 579, 585-86 (Tenn. Crim. App. 1996); *Johnson v. State,* 531 S.W.2d 558, 559 (Tenn. 1975).

In effect, the trial court must consider the evidence in the light most favorable to the existence of the lesser included offense and if the evidence so considered permits an inference of guilt of the lesser included offense, the trial court must give instructions as to the lesser offense. Otherwise, the trial court's consideration of the evidence runs the risk of invading the province of the jury relative to witness credibility, the weight and sufficiency of evidence, and the degree of the offense, if any, to be sustained. *Strader v. State,* 210 Tenn. 669, 679, 362 S.W.2d 224, 228-29 (Tenn. 1962); *State v. Boyce,* 920 S.W.2d 224, 226 (Tenn. Crim. App. 1995).

When deciding whether to give an instruction on a lesser included offense, the trial court must consider all the evidence presented at trial, including the defendant's testimony. This is true even if the defendant's testimony is unpersuasive or uncorroborated. *See Howard,* 926 S.W.2d at 586. If a defendant's version of events is susceptible to an inference of guilt of a lesser offense, then the trial court must instruct the jury with respect to the lesser included offense. *Howard,* 926 S.W.2d at 585-86.

In *State v. Williams,* ___ S.W.2d ___ (Tenn. 1998), the Supreme Court conducted a harmless error analysis on the alleged failure of the trial court to instruct the jury on voluntary manslaughter as an included offense or lesser grade of murder first degree. Although the facts in *Williams* may have supported an instruction on voluntary manslaughter, the trial court did charge the jury with the elements of murder first degree, and the lesser offenses of murder second degree and reckless homicide. The Supreme Court found "the trial court's erroneous failure to charge voluntary manslaughter is harmless beyond a reasonable doubt because the jury's verdict of guilt on the greater

5

offense of first degree murder and its disinclination to consider the lesser included offense of second degree murder clearly demonstrates that it certainly would not have returned a verdict on voluntary manslaughter."[1]  *Williams*, _____ S.W.2d _____, slip op. at 11.

The testimony of the defendant has heretofore been set out in this opinion. We believe the defendant's testimony as to how he came to be in the car and his intentions raised a factual issue with respect to his **mens rea,** and the trial court should have submitted the issue to the jury.

Having determined that the trial court erred by failing to give a joyriding instruction, we must determine the effect of the error. The facts in *Williams* are clearly distinguishable. In *Williams,* the trial court gave the jury the options to determine exactly what offense, under the instructions, the defendant may have committed.  In this case, the trial court did not charge any included offenses, thus the jury was faced with the determination of whether the defendant knowingly and intentionally deprived the owner of her car.  Since there was no included offense charged in these facts, we cannot apply a harmless error analysis.  Notwithstanding the trial court's spirited ruling at the motion for a new trial with the defendant, the jury would be the ultimate authority on whether the defendant intended to deprive the owner of her car.  We believe the trial court's failure to instruct joyriding as a lesser offense is reversible error and the defendant is entitled to a new trial.

_____
L. T. LAFFERTY, SENIOR JUDGE

---

[1] It appears the Supreme Court may have criticized the holdings in *State v. Belser,* 945 S.W.2d 776 (Tenn. Crim. App. 1996) and *State v. Ruane,* 912 S.W.2d 766 (Tenn. Crim. App. 1995).

6

CONCUR:


_____
JOHN H. PEAY, JUDGE



_____
THOMAS T. WOODALL, JUDGE