# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1998

**FILED**

August 19, 1999

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9712-CC-00568** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MAURY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES L. WEATHERFORD** |
| **JASON ERIC BRADBURN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Class D Felony)** |

**FOR THE APPELLANT:**

MICHAEL J. FLANAGAN
95 White Bridge Road, Suite 208
Nashville, TN 37205

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE BOTTOMS
District Attorney General
P. O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

AFFIRMED IN PART; REVERSED IN PART

JERRY L. SMITH, JUDGE

# OPINION

On July 29, 1997, a Maury County jury convicted Appellant Jason E. Bradburn of Class D felony evading arrest and reckless driving.  After a sentencing hearing on October 30, 1997, the trial court sentenced Appellant as a Range II multiple offender to six years imprisonment for felony evading arrest and 11 months and 29 days for reckless driving.  The sentence for felony evading arrest was ordered to run consecutively to a sentence that Appellant had received in another case and the sentence for reckless driving was ordered to run concurrently with the other sentences.  Appellant challenges his convictions, raising the following issues:

> 1) whether the indictment was sufficient to charge Appellant with felony evading arrest;
> 2) whether the evidence was sufficient to support Appellant's conviction for Class D felony evading arrest;
> 3) whether the trial court erred when it failed to instruct the jury as to the lesser included offenses of Class D felony evading arrest;
> 4) whether the trial court erred when it failed to instruct the jury as to a statutory defense; and
> 5) whether principles of due process and double jeopardy prohibit convictions for both  Class D felony evading arrest and reckless driving that arise out of the same conduct.

After a review of the record, we affirm the judgment of the trial court in part and reverse in part.

## I.  FACTS

On July 26, 1996, Officer John Beech of the Columbia Police Department and civilian informant John Johnston, in conjunction with the Maury County Drug Task Force, set up a "reverse sting operation" in which they were to sell two pounds of marijuana to Appellant for $2,000.  After a series of conversations and an initial

meeting to inspect the marijuana, Appellant agreed to meet Beech and Johnston in a Wal-Mart parking lot later that afternoon.

After Appellant arrived at the Wal-Mart parking lot, he parked his small pickup truck and got into Officer Beech's car. Appellant then paid for and took the marijuana and got back into his truck. At this point, Officer Beech signaled some other officers who had been waiting nearby. Officer Mike Johnson then drove his unmarked vehicle directly in front of Appellant's truck. As he pulled in front of Appellant's truck, Officer Johnson activated his vehicle's emergency equipment, which consisted of a bank of strobe lights with the bank of headlights. As Officer Johnson and his passenger, Officer Lonnie Lyles, were about to get out of the car, Appellant looked at them momentarily and then rammed his truck into the right front corner of Officer Johnson's car. Appellant then sped away across the parking lot. Officer Bill Denton then activated the blue lights and siren on his vehicle and began pursuit.

After striking Officer Johnson's car, Appellant traveled through the Wal-Mart parking lot, ran a stop sign, crossed Brookmede Drive, and entered the parking lot of the Shady Brook Mall. Appellant then drove down a row of parked cars in the mall parking lot and threw the two pounds of marijuana out his truck window. Appellant then drove toward the main exit of the mall parking lot, but the heavy traffic forced him to stop. Shortly thereafter, Appellant was apprehended and taken into custody.

## II. SUFFICIENCY OF THE INDICTMENT

Appellant contends that his conviction for Class D felony evading arrest should be reversed because the indictment did not allege a felony. Specifically, Appellant claims that because Tennessee Code Annotated section 39-16-603(b)(1) states that evading arrest must occur on a "street, road, alley or highway" in order to be a felony, the indictment was insufficient because it did not allege that the fleeing occurred on a "street, road, alley or highway."[1]

The Tennessee Supreme Court has stated that "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted). Further, "an indictment need not conform to traditionally strict pleading requirements." Id. "Thus, we now approach 'attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.'" Id. (quoting United States v. Purvis, 580 F.2d 853, 857 (5th Cir.1978)).

A "common sense" reading of count two of the indictment indicates that it was sufficient to comply with the constitutional notice requirements recited in Hill. Count two of the indictment alleged that on July 26, 1996, Appellant

> did unlawfully while operating a motor vehicle intentionally flee or attempt to elude a law enforcement officer, after having received a signal from such officer to bring the vehicle to a stop, creating a risk of death or injury to

---

[1]The State contends that Appellant waived this issue pursuant to Rule 12(b)(2) of the Tennessee Rules of Criminal Procedure by failing to raise it either before trial or in his motion for a new trial. Rule 12(b)(2), however, provides that either jurisdictional defects or the failure to properly charge an offense "shall be noticed by the court at any time during the pendency of the proceedings." Tenn. R. Crim. P. 12(b)(2). Thus, the waiver rule does not apply when the indictment fails to assert an essential element of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992).

innocent bystanders or others, in violation of Tennessee Code Annotated 39-16-603(b)(1)(3) . . . .

Thus, the indictment informed Appellant of the date of the offense, the fact that he operated a motor vehicle, that he intentionally fled from a law enforcement officer after receiving a signal to stop, and that his conduct created a risk of injury or death to others. Further, by specific reference to the statute, the indictment left no doubt that Appellant was being charged with violating Tennessee Code Annotated section 39-16-603(b)(1), (3). Even without a specific reference to "street, road, alley or highway," the indictment clearly put Appellant on notice of the offense he was being charged with, appraised the trial court of the specific charge for purposes of entering an appropriate judgment and sentence, and protected Appellant from double jeopardy. This issue has no merit.

## III. SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction for Class D felony evading arrest under Tennessee Code Annotated section 39-16-603(b), which states,

> (1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.
>     . . . .
> (3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b) (1997). We agree that the evidence was insufficient to support a conviction for a Class D felony.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d at 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." See also Matthews, 805 S.W.2d at 780.

Initially, Appellant claims that the evidence is insufficient to support his conviction for felony evading arrest because there was no evidence that he crossed a "public" street during the chase. We disagree. A review of the record indicates that there is evidence by which a rational jury could conclude that at least part of the vehicle chase occurred on a street, road, alley, or highway. When Officer Johnson was asked whether Appellant had crossed any streets during the police chase, he responded, "Any streets? Well, he crossed Brookmede Drive, the stop sign here." Further, Officer Lyles testified that during the chase, Appellant went "through the intersection there at Brookmede and over into Shady Brook Mall parking lot." In fact, Appellant himself admitted that he crossed a road during the chase and he specifically referred to Brookmede Drive as "the street between [Wal-Mart] and the mall." A rational jury could conclude from this evidence that Appellant had crossed a public street during his flight from the police.[2]

However, we hold that the evidence was insufficient to support the conviction for a Class D felony for another reason. In order to commit Class D felony evading arrest under section 39-16-603(b), a person must "create[] a risk of death or injury to innocent bystanders or other third parties," "while operating a motor vehicle on any street, road, alley or highway." Tenn. Code Ann. § 39-16-603(b)(1), (3) (1997). There is no evidence in the record that Appellant created any risk of death or injury to a third person while he was driving across Brookmede Drive. In fact, the only

---

[2]The State contends that Tennessee Code Annotated section 39-16-602(b) does not require the evading of police to take place on a "public" road, but only on "any street, road, alley or highway in this state." We disagree. Under the State's interpretation, this statute would encompass evading of police while driving a motor vehicle on any private driveway, parking lot, or any other property designed to accommodate the operation of motor vehicles. If that had been what the legislature intended, it would have used language similar to that of Tennessee Code Annotated section 55-10-401, which prohibits driving under the influence of an intoxicant "on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large." Tenn. Code Ann. § 55-10-401(a) (1998). In addition, because section 39-16-603 is a criminal statute, it must be strictly construed in favor of Appellant. See State v. Levandowski, 955 S.W.2d 603, 605 (Tenn. 1997).

evidence about whether third persons were even on Brookmede Drive came from Appellant, who testified that he slowed down enough to see that no cars were coming before he crossed Brookmede Drive. Although we agree with the State that there was ample evidence that Appellant created a risk a risk of injury or death to third persons when he drove through the crowded parking lots, that is not what the statute requires.

Because there was no evidence that Appellant created a risk of injury or death to third parties while he was driving across Brookmede Drive, we hold that Appellant's conviction for Class D felony evading arrest must be reversed and the charge dismissed. However, in finding Appellant guilty of Class D felony evading arrest, the jury necessarily found that the elements of Class E felony evading arrest were satisfied: that Appellant operated a motor vehicle on a street while intentionally fleeing a police officer after receiving a signal from the police officer to stop his vehicle. See Tenn. Code Ann. § 39-16-603(b)(1) (1997). Indeed, a rational jury could conclude, from the evidence that Officer Johnson activated his emergency lights when he approached Appellant in the Wal-Mart parking lot, that Appellant was intentionally fleeing a police officer who had given him a signal to stop when Appellant drove his vehicle across Brookmede Drive. Thus, the evidence was sufficient to support a conviction for Class E felony evading arrest. However, because of the error discussed in Part IV, infra, we hold that this case must be remanded for a new trial for that offense.

## IV.   FAILURE TO INSTRUCT ON LESSER INCLUDED OFFENSES

Appellant contends that the trial court committed reversible error when it failed to instruct the jury as to the lesser included offenses of Class D felony evading arrest. Even though we hold that Appellant's conviction for Class D felony evading arrest must be reversed, we must address this issue because the evidence was sufficient to support a conviction for Class E felony evading arrest.

Tennessee Code Annotated section 40-18-110(a) provides that a trial judge must charge the jury with all lesser grades or classes of an offense supported by the evidence, without any request on the part of the defendant to do so. See also State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996); State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986). Failure to charge such lesser offense(s) denies a defendant his constitutional right to trial by a jury if there are any facts "susceptible of inferring guilt on any lesser included offense or offenses." State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981). This requirement is avoided only when the record is devoid of evidence to support an inference of guilt of the lesser offense. State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994).

In this case, the proof clearly established that Appellant committed the offense of misdemeanor evading arrest. In fact, Appellant admitted that after he crossed Brookmede Drive, he continued to flee even though he had seen the flashing blue lights on Officer Denton's vehicle and he knew that the police were trying to apprehend him. However, as previously discussed, whether Appellant had committed Class E felony evading arrest depends on whether he knew that he had received a signal from the police to stop his vehicle before he crossed Brookmede Drive. Indeed, Appellant denied that he had seen the strobe lights on Officer Johnson's unmarked vehicle and he claimed that he did not know that Johnson and

Lyle were police officers because they were wearing plain clothes and he could not see the badges they were wearing around their necks. Appellant claimed that he fled from Officers Johnson and Lyle because he could see that Lyle had a gun and he believed that the two men were trying to rob him. Therefore, the record clearly contained evidence that would support an inference of guilt for the lesser included offense of misdemeanor evading arrest. By failing to charge the jury on the lesser included offense, the trial court deprived Appellant of his right to have the jury determine his guilt. As this Court stated in State v. Boyce,

> "However plain it may be to the mind of the Court that one certain offense has been committed and none other, he must not confine himself in his charge to that offense. When he does so he invades the province of the jury, whose peculiar duty it is to ascertain the grade of the offense. However clear it may be, the Court should never decide the facts, but must leave them unembarrassed to the jury."

920 S.W.2d 224, 227 (Tenn. Crim. App. 1995) (quoting Poole v. State, 61 Tenn. 288, 294 (1872)). Thus, the trial court clearly erred when it failed to instruct the jury on the lesser included offenses.

## V. FAILURE TO INSTRUCT ON THE STATUTORY DEFENSE

Appellant contends that the trial court erred when it failed to instruct the jury that "[i]t is a defense to prosecution [for evading arrest] that the attempted arrest was unlawful." Tenn. Code Ann. § 39-16-603(a)(2), (b)(2) (1997). We disagree. This Court has stated that the trial court need not instruct the jury regarding a defense unless that defense is fairly raised by the proof. State v. Shropshire, 874 S.W.2d

634, 639 (Tenn. Crim. App. 1993). Appellant contends that because he was arrested for possession of marijuana and the jury found him not guilty of possession of marijuana by reason of entrapment, his arrest was necessarily unlawful. However, Appellant cites no authority for the proposition that an acquittal for a charged offense means that the arrest for that offense was unlawful. Indeed, that is not the standard. The lawfulness of an arrest depends on whether it is founded upon probable cause to believe that the person arrested has committed a criminal offense. State v. Downey, 945 S.W.2d 102, 106 (Tenn. 1997). "Whether probable cause is present depends upon whether the facts and circumstances and reliable information known to the police officer at the time of the arrest 'were sufficient to warrant a prudent man in believing that the [individual] had committed an offense.'" Id. (quoting Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964)). In this case, Appellant paid $2,000 to Officer Beech for two pounds of marijuana in a transaction that was overheard through listening devices by the other officers who subsequently pursued and arrested Appellant. Thus, the arresting officers clearly had probable cause to believe that Appellant had committed a criminal offense. This issue is without merit.

## VI. CONVICTIONS FOR BOTH EVADING ARREST AND RECKLESS DRIVING

Appellant contends that his convictions for both Class D felony evading arrest and reckless driving cannot be sustained because they arose out of the same set of circumstances. We agree that an accused cannot be convicted of these two offenses for the same course of conduct. Indeed, this Court stated in State v. Kerry D. Garfinkle, No. 01C01-9611-CC-00484, 1997 WL 709477, at *4-5 (Tenn. Crim. App., Nashville, Nov. 7, 1997), that convictions for both reckless driving and Class

D felony evading arrest for the same conduct violate principles of due process and double jeopardy. However, because we have reversed Appellant's conviction for Class D felony evading arrest, Appellant's conviction for reckless driving must be affirmed. Because the State could decide not to prosecute Appellant or a jury could acquit Appellant of Class E or misdemeanor evading arrest, we need not decide whether a conviction for both reckless driving and either of those offenses would also violate principles of due process and double jeopardy.

## VII. CONCLUSION

Because we find that the evidence was insufficient to support Appellant's conviction for Class D felony evading arrest, the conviction for that offense is reversed and the charge is dismissed. Because the trial court erred in failing to instruct the jury on the lesser included offenses, Appellant is entitled to a new trial for the offense of Class E felony or misdemeanor evading arrest. In all other respects, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOHN H. PEAY, JUDGE